**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Philip LOWENTHAL, Defendant-Appellant.**

**No. 342, Docket 23440.**

United States Court of Appeals Second Circuit.

Argued June 15, 1955.

Decided June 27, 1955.

J. Edward Lumbard, U. S. Atty. for the Southern District of New York, New York City (Howard A. Heffron, Asst. U. S. Atty., New York City, of counsel), for plaintiff-appellee.

Harry Rosenblatt, New York City, for defendant-appellant.

Before CLARK, Chief Judge, and MEDINA and HINCKS, Circuit Judges.

PER CURIAM.

It was the function of the jury to decide as between diametrically opposite versions of the matters here in controversy; and the evidence produced by the prosecution was more than sufficient to support the charge. While condensed, the main charge on the subject of character witnesses, to which no exception was noted, was correct as far as it went; and the request for an instruction "that in considering the character testimony offered by the defense, if believed by the jury, in and of itself that testimony may create a reasonable doubt where without it none would have existed," was too broad. True it is that evidence of good reputation may be deemed sufficient to engender a reasonable doubt, otherwise it would not be admissible on behalf of a defendant in a criminal trial. See Michelson v. United States, 1948, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168; Edgington v. United States, 1896, 164 U.S. 361, 17 S.Ct. 72, 41 L.Ed. 467. But such evidence must be considered in conjunction with all the evidence received at the trial, not "in and of itself." Marzani v. United States, 1948, 83 U.S.App.D.C. 78, 168 F.2d 133, affirmed 1949, 336 U.S. 922, 69 S.Ct. 513, 93 L.Ed. 1075; United States v. Frischling, 3 Cir., 1947, 160 F. 2d 370.

Affirmed.