**Calvin P. STEWART, Appellant,**

**v.**

**UNITED STATES of America and Errol Leslie Merriman, Appellees.**

**No. 6104.**

United States Court of Appeals
Tenth Circuit.

May 6, 1959.

Walter L. Budge, Deputy Atty. Gen., of Utah, (E. R. Callister, Atty. Gen., Richard R. Boyle, Asst. Atty. Gen., and Milton A. Melville, County Atty. of Millard County, Fillmore, Utah, on the brief), for appellant.

William A. Kehoe, Jr., Attorney, Department of Justice, Washington, D. C. (W. Wilson White, Asst. Atty. Gen., A. Pratt Kesler, U. S. Atty., for District of Utah, C. Nelson Day, Asst. U. S. Atty., Salt Lake City, Utah, and Harold H. Greene, Attorney, Department of Justice, Washington, D. C., on the brief), for appellee United States.

Donald B. Holbrook, Salt Lake City, Utah, for appellee Merriman.

Before BRATTON, Chief Judge, and MURRAH, PICKETT, LEWIS, and BREITENSTEIN, Circuit Judges.

BRATTON, Chief Judge.

In Grant v. Guernsey, 10 Cir., 63 F.2d 163, certiorari denied, 289 U.S. 744, 53 S.Ct. 688, 77 L.Ed. 1491, the majority of a divided panel of this court determined in effect that where an accused has been enlarged on probation by a United States court after conviction of a federal crime, state authorities cannot take him into custody and assert jurisdiction over him on a state criminal charge without the consent of such federal court. One member of the court dissented. The question now presented for determination is whether the court shall adhere to the doctrine enunciated by the majority in that case or recede from it. And the correctness of that case being in issue, this case was submitted to the full membership of the court sitting in banc.

The question arises in this manner. Errol Leslie Merriman was indicted in the United States Court for Utah. A plea of guilty was interposed, imposition of sentence was deferred, and Merriman was placed on probation for a period of five years. At the time of placing Merriman on probation, the court was advised that criminal charges were then pending against him in Millard County, Utah. Upon being so advised, the court directed that an effort be made to obtain dismissal or withdrawal of the state charges. The effort was made but without success. The terms of the probation were among others that Merriman return to his home in Bakersfield, California; that he remain and live with his wife there; that he make an effort to be admitted for treatment at the Veterans Hospital at Sawtelle, California; and that supervision of probation be transferred to the United States Probation Officer for the Southern District of California, at Los Angeles. And by separate order, the United States Marshal was directed to furnish Merriman transportation to his home in Bakersfield and also subsistence expense to his destination. Obedient to that direction, transportation was furnished Merriman and he started by bus for his home. When the bus reached Fillmore, Calvin P. Stewart, sheriff of Millard County, took Merriman into custody on a warrant of arrest issued upon a pending criminal charge of violating a penal statute of the state. The United States Court issued a writ of habeas corpus ad prosequendum commanding the sheriff to produce Merriman in federal court. The sheriff released him to the custody of the marshal. The court again ordered Merriman sent to California pursuant to the original order of probation. Merriman again started to California by bus. When the bus reached Fillmore, the sheriff again placed him under arrest to answer a further and different charge

under state law from the one upon which he had previously been arrested. The United States Court entered an order requiring the sheriff to appear and show cause why a writ of habeas corpus ad prosequendum should not issue. Appearing by the Attorney General of Utah, the Deputy Attorney General, and the County Attorney of Millard County, the sheriff filed a reply in which it was pleaded that the court no longer had jurisdiction over Merriman, or over the offenses against the State of Utah with which he was charged; and further, that the court had no power over the sheriff as a state official. After hearing, the court issued a writ of habeas corpus ad prosequendum requiring the sheriff to deliver Merriman to the custody of the marshal; entered an order directing the marshal to proceed to Fillmore, take possession of Merriman, and deliver him to Bakersfield; and entered an order restraining and enjoining the Attorney General of Utah, the District Attorney of the Fifth Judicial District of that state, and the County Attorney of Millard County, from prosecuting Merriman until the further order of the court. The sheriff filed a notice of appeal. A member of this court entered an order staying temporarily the order of the district court directing the marshal to take custody of Merriman and transport him to California. And the temporary stay order was subsequently continued until the further order of this court. The stay order did not contain any express command or direction to the marshal in respect to the custody of Merriman. On the next day after the entry of the stay order, the marshal went to Fillmore, took Merriman from the custody of the sheriff, placed him in the jail at Salt Lake City, and continues to hold him in confinement there.

The Act establishing a probation system in the United States courts, except in the District of Columbia, became effective in 1925. 43 Stat. 1259. The Guernsey case was decided eight years later. No earlier case decided under the Act had dealt with the question then involved. There, Guernsey was indicted in the United States Court for Kansas for violations of the National Banking Act, 12 U.S.C.A. § 1 et seq. A plea of guilty was interposed, and a sentence of confinement in the penitentiary for a period of three and one-half years was imposed. But execution of the sentence was suspended, Guernsey was placed on probation during the term of the sentence, and he was required to report periodically to the probation officer concerning his conduct. While thus enlarged on probation, a criminal charge was filed against Guernsey before a justice of the peace in Kansas. Upon being brought before the justice of the peace, Guernsey contested without avail the jurisdiction of the court upon the ground that he was then under the exclusive jurisdiction of the federal court; and that the proceeding before the justice of the peace constituted interference with such exclusive jurisdiction. Guernsey was held to appear at the next term of the district court. He gave bail and was released from custody. He then filed in the United States court which had sentenced him a petition for a writ of habeas corpus to obtain his release and discharge for further detention in the state court. The writ was granted and that action was upheld on appeal. The rationale of the case as decided in this court was that the jurisdiction of the federal court continued after sentence during the period of probation; that while the defendant remained on probation, he was subject to the jurisdiction of the federal court, to the exclusion of the assumption of jurisdiction by the state court, unless the federal court chose to relinquish its jurisdiction. In deciding the case upon that basis, the court relied in part upon Taylor v. Taintor, 16 Wall. 366, 21 L.Ed. 287. It was stated in that case that while a state court and a United States court may each take jurisdiction of an accused, the tribunal which first gets custody of him retains jurisdiction to the exclusion of the other until its duty is fully performed and its jurisdiction is exhausted. But that case was entirely different from the Guernsey case, and the statement referred to was

a casual one in the nature of dictum. No question respecting the contemporaneous jurisdiction of a federal court and a state court over an accused was presented. And the state court first acquiring custody of the accused released him on bail. He was not enlarged on probation.

█ Of course, a federal court of competent jurisdiction first taking an accused into its custody and having physical control over him continues to have jurisdiction of him to the exclusion of the assumption of jurisdiction by a state court until federal jurisdiction has been exhausted or relinquished. But we think that the court in the Guernsey case improvidently equated probation with physical custody of the accused. By necessary implication, it was held in effect in that case that in respect to the exclusive jurisdiction of the federal court over the accused, probation was the equivalent of physical custody in the form of institutional confinement or other detention. In other words, the case was decided upon the postulate that while the accused was enlarged on probation, he was in the custody of the federal court to the same extent as though detained pursuant to orders of the court. And acting upon that premise, the court concluded that the action of the state authorities in taking Guernsey into their custody for prosecution under state law contravened the jurisdiction of the federal court. But probation is not to be equated with physical custody or possession of the accused. It is to be equated with a limited measure of legal control. And when a federal court enlarges an accused on probation, it does not thereafter during the period of probation have sole jurisdiction over him in the sense that state authorities are precluded from taking him into custody upon a charge of violating the criminal law of the state. In other words, when a federal court places an accused on probation, he is not immune during the period of probation from prosecution for a criminal offense under state law. Unit-

ed States ex rel. Pasela v. Fenno, 2 Cir., 167 F.2d 593, certiorari dismissed, 335 U.S. 806, 69 S.Ct. 29, 93 L.Ed. 363; United States ex rel. Spellman v. Murphy, 7 Cir., 217 F.2d 247; Strand v. Schmittroth, 9 Cir., 251 F.2d 590. And there is nothing in the letter or spirit of the doctrine of comity which prevents a state court from taking into its custody for prosecution under state law one who is at large on probation from a federal court.

██ At the time the sheriff took Merriman into custody, he had been enlarged on probation. By placing him on probation, the federal court had relinquished its custody of him insofar as it concerned the power of the state to take him into its custody for prosecution upon a charge of violating the law of the state. Having taken him into its custody under such circumstances, the state was entitled to continue him in its custody until its jurisdiction had been exhausted or relinquished. And the taking of Merriman from the custody of the sheriff was without warrant in law. In reaching this conclusion, we are keenly aware of the desirability of continuity of decision once imbedded in the law. But receding from an earlier case which is thought to be unsound has long been accepted practice. And when firmly convinced that an earlier case cannot be sustained on sound ground, a court should not feel itself constrained to follow it as precedent.

The order granting the writ of habeas corpus ad prosequendum requiring the sheriff to deliver Merriman into the custody of the marshal; the order directing the marshal to take custody of Merriman from the sheriff and deliver him to Bakersfield; and the order restraining the Attorney General, the District Attorney, and the County Attorney from prosecuting Merriman until the further order of the court are severally vacated; and the cause is remanded with directions to restore Merriman to the custody of the sheriff.