**Murray L. PETERSEN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 5963.**

United States Court of Appeals
Tenth Circuit.

June 8, 1959.

Calvin L. Rampton, Salt Lake City, Utah (Morton Galane, Las Vegas, Nev., was with him on the brief), for appellant.

J. Thomas Greene, Asst. U. S. Atty., Salt Lake City, Utah (A. Pratt Kesler, U. S. Atty., Salt Lake City, Utah, was with him on the brief), for appellee.

Before BRATTON, Chief Judge, and MURRAH, PICKETT, LEWIS, and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Petersen appeals from his conviction on a two-count indictment charging income tax evasion by the filing of false returns covering the years 1951 and 1952. Trial was to a jury. The sentence was two years on each count, to run concurrently, and a $5,000 fine on each count.

By use of the net worth method of proof the government established substantial tax deficiencies in each of the

two years. Petersen admitted understatements of income but disputed the amounts of the deficiencies and denied any wrongful intent.

At the outset of the trial and in the presence of the jury, defense counsel in reply to an inquiry of the court stated that he would have three character witnesses. The court then said:

"I am going to stop this character witness business. We can have one character witness. This business of putting all the community on to testify to a man's character we are not going to do any more. One character witness is the rule in this court."

■ The rule is well established that "a defendant may offer his good character to evidence the improbability of his doing the act charged."[1] As said in Michelson v. United States, 335 U.S. 469, 476, 69 S.Ct. 213, 219, 93 L.Ed. 168, "character is relevant in resolving probabilities of guilt." In a case such as this where the defendant admits understatement of income and defends solely on the lack of wilful intent, the character of the defendant is an important element. In the exercise of a sound judicial discretion a court may limit the number of witnesses permitted to testify to a single fact and the extent to which cumulative testimony may be received.[2] It may be that in some instances, particularly where a fact is not contested, a limitation to one witness is proper. However, to restrict a defendant to one character witness is a harsh limitation in a case such as this where the sole defense is lack of wilful intent. The statement in the presence of the jury improperly belittled the use of character witnesses and showed the irritation of the court at a defense which the law permits. While we disapprove the actions of the district court we cannot say that they amount to reversible error.

■ The defendant requested and the court refused the following instruction on good character:

"Testimony has been given herein concerning the good character of the defendant. If you believe a defendant has established his previous good character, you should give that fact due weight. Such evidence of good character, when considered with all the other evidence, may alone create a reasonable doubt."

The only instructions given concerning this point were:

"You are to consider the evidence, all of the evidence, and after such consideration return a verdict here into court. Part of that evidence consists of documents and records. Part of that evidence consists of sworn testimony of witnesses: some accountant, revenue agents, the defendant himself, and other witnesses, including a character witness from over in Ogden, whose testimony you should take into account as well. You take that character witness's testimony into account just as you do any other witness's testimony here, and you decide the case upon the whole of the evidence."

Proper objection was made to this portion of the instructions.

Relying on Edgington v. United States, 164 U.S. 361, 366, 17 S.Ct. 72, 41 L.Ed. 467, this court, in Miller v. United States, 10 Cir., 120 F.2d 968, 971–972, adopted the rule that when a defendant offers evidence of good character the jury must be instructed that character testimony may be such that it alone may create a reasonable doubt, although without it the other evidence would be convincing. This rule was followed in Hayes v. United States, 10 Cir., 227 F.2d 540, 545, and Greer v. United States, 10 Cir., 227 F.2d 546, 549. Reliance on Edgington is said to be misplaced. The question of wheth-

1. 1 Wigmore, Evidence, 3rd Ed. § 56, p. 450.

2. Suhay v. United States, 10 Cir., 95 F. 2d 890, 894, certiorari denied 304 U.S. 580, 58 S.Ct. 1060, 82 L.Ed. 1543; United States v. Baysek, 3 Cir., 212 F.2d 446, 447, certiorari denied 348 U.S. 836, 75 S.Ct. 49, 99 L.Ed. 659.

er Edgington requires an instruction that character evidence alone may create a reasonable doubt or is satisfied by an instruction that the jury should consider such evidence along with all the other evidence in the case in determining guilt or innocence has produced a contrariety of opinion among the circuits.[3] While this conflict has not been resolved by the Supreme Court it is significant that in Michelson v. United States, supra, that court said, by way of dicta and in obvious reference to Edgington, that character evidence "alone, in some circumstances, may be enough to raise a reasonable doubt of guilt and that in the federal courts a jury in a proper case should be so instructed."[4] This sustains the interpretation which has been placed on Edgington by the Miller, Hayes and Greer decisions of this court. While we recognize the force of the decisions of those circuits which disagree, we decline to recede from the rule which has long been in force in this circuit. The requested instruction was proper, should not have been refused, and was not adequately covered by the instructions given.

The court rejected an offer of the defendant to prove through the accountant who prepared his returns that at the time of signing the 1952 return the defendant expressed concern at the net income stated thereon and asked for an explanation as to "why there was no income tax due when he had so much money." According to the offer, the accountant explained by referring to the taxability of capital gains and the deductibility of bad debts. Further, the defendant commented on the procedure relating to a bad debt item and was told by the accountant that it had been taken up with the local internal revenue office.

Wilfulness is an essential element of the offense charged. The defendant may not only testify that he had no such purpose but he also may, within reasonable limits, support his statement "with testimony of relevant circumstances, including conversations had with third persons or statements made by them."[5] The offered testimony should have been received.

The judgment is reversed.

MURRAH, Circuit Judge (concurring specially).

I agree with the trial court and with the many cases from most of the circuits which say that evidence of good character is admissible and should be considered together with other probative evidence as tending to create a reasonable doubt of guilt or, if you please, to augment the presumption of innocence; that the verdict should rest upon "the whole of the evidence" without emphasis on any particular testimony. To me any other instruction tends to confuse rather than

3. The rule that character evidence alone may create a reasonable doubt is recognized in the 7th and 10th circuits. United States v. Donnelly, 7 Cir., 179 F. 2d 227, 233; Greer v. United States, 10 Cir., supra. The rule is rejected in the 2nd, 3rd, 4th, 5th, 6th, 8th, 9th, and D.C. circuits. United States v. Lowenthal, 2 Cir., 224 F.2d 248, 249; United States v. Klass, 3 Cir., 166 F.2d 373, 379–380; Hoback v. United States, 4 Cir., 284 F. 529, 533; Moore v. United States, 5 Cir., 254 F.2d 213, 221, certiorari denied 357 U.S. 926, 78 S.Ct. 1371, 2 L.Ed.2d 1370; Poliafico v. United States, 6 Cir., 237 F.2d 97, 114, certiorari denied 352 U.S. 1025, 77 S.Ct. 590, 1 L.Ed.2d 597; Sunderland v. United States, 8 Cir., 19 F.2d 202, 215; Kasper v. United States, 9 Cir., 225 F.2d 275, 278; Marzani v. United States, 83 U.S. App.D.C. 78, 168 F.2d 133, 139, affirmed by equally divided court, 335 U.S. 895, 69 S.Ct. 299, 93 L.Ed. 431, affirmance upheld on rehearing, 336 U.S. 922, 69 S. Ct. 513, 93 L.Ed. 1075.

4. 335 U.S. 469, 476, 69 S.Ct. 213, 93 L. Ed. 168.

5. Haigler v. United States, 10 Cir., 172 F.2d 986, 987, quoting Miller v. United States, supra, 120 F.2d at page 970. In Haigler it was held error to reject testimony of an accused concerning his understanding of the law applicable to his income tax liability. In Miller, a mail fraud case, it was held that conversations between the parties and statements of an attorney were competent to show the defendants' understanding of the transaction and to negative any intent to defraud.

clarify the purposes for which good character testimony is admitted and is to be considered by the jury.

It is my firm conviction that the requested instruction, based as it was on the Edgington case, is a lifeless and doctrinaire interpretation of what was said in that case, and has the effect of distorting its wholesome philosophy. I agree with Judge Grubb in Le More v. United States, 5 Cir., 253 F. 887; and Judge Hand in Nash v. United States, 2 Cir., 54 F.2d 1006, that nothing said in the Edgington case with reference to good character evidence was intended to announce a rule that good character evidence should be emphasized over other defense evidence. See Kreiner v. United States, 2 Cir., 11 F.2d 722. As Judge Hand said in Nash v. United States, supra [54 F.2d 1007], "Evidence of good character is to be used like any other * * * and the less they [jury] are told about the grounds for its admission, or what they shall do with it, the more likely they are to use it sensibly."

Evidence of good character may, however, when standing alone, in and of itself create a reasonable doubt of guilt, and that where it does stand alone, the jury should be so instructed. Such seems to me to be the interpretation placed upon Edgington by the dicta in Michelson and it is practical, understandable and sensible. But I am unable to find any good reason for telling a jury that good character alone may be sufficient to generate a reasonable doubt when there is other evidence equally important and equally persuasive. To me, such an instruction in cases of this kind places an emphasis and an importance upon character testimony which was never intended, and which the whole context of the Edgington case denies.

Indeed, what do we mean when we tell the jury that "good character, when considered with all other evidence, may alone create a reasonable doubt"? I don't know what it means, and no one has assayed to explain it. Surely it does not mean that the jury may ignore the other evidence and base its judgment alone upon good character. If it is to be considered with all other evidence, how can it alone be said to create a reasonable doubt? Such refinements are incomprehensible to me, and being so, I cannot expect a lay jury to understand and apply it as the law of the case when considering guilt or innocence. This legalistic nicety violates the common law and constitutional function of the courts to instruct juries on the law of the case in language they can understand and apply as laymen unlearned in the law. It reduces the law to an abstract absurdity, and exposes us to the public charge of subverting the law to our own fanciful ends.

While recognizing the force of those decisions which approve the trial court's instructions, we apparently reverse the case simply because we have heretofore said that the requested instruction was the law of the Circuit, and that it was reversibly erroneous not to give it in cases of this kind. Believing as I do that the court's instructions to the jury were both understandable and correct, and that the requested instructions tend to confound and confuse, I should not hesitate to recede from our previous pronouncements. Only the other day we did not feel constrained to follow a precedent of long standing because of our conviction that it could not be "sustained on sound ground". See Stewart v. United States, 10 Cir., 267 F.2d 378. But, being unable to persuade my brothers, I bow to their conscientious judgment, with the resignation that the requested instruction is the law of this Circuit and doubtless ever shall be. For surely no other trial judge will ever have the audacity to refuse to heed our authoritative admonitions in this regard.

I agree that the proffered testimony of the accountant, bearing upon the good faith belief of the accused with respect to the deductibility of certain items affecting his tax liability, was competent and should have been admitted.