**Lyle Richard JOHNSON, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 6149.

United States Court of Appeals
Tenth Circuit.

July 21, 1959.

Joseph P. Jenkins, Kansas City, Kan. (Cohen, Schnider, Shamberg & Jenkins, Kansas City, Kan., on the brief), for appellant.

E. Edward Johnson, Asst. U. S. Atty., Topeka, Kan. (Wilbur G. Leonard, U. S. Atty., Topeka, Kan., and Milton P. Beach, Asst. U. S. Atty., Kansas City, Kan., on the brief), for appellee.

Before BRATTON, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.

BRATTON, Chief Judge.

The indictment in this case charged that William Reece Johnston, Lyle Richard Johnson, and Fred Charles Riley robbed Twin City State Bank of Kansas City, Kansas, a member of and insured by Federal Deposit Insurance Corporation. The defendant Lyle Richard Johnson was granted a separate trial; was convicted; was sentenced to imprisonment for a term of seven years; and he appealed.

██ Complaint is made that during the trial the court refused to require the Government to produce from its files and deliver to the appellant for his examination and use a memorandum prepared by John J. Quinn, special agent for the Federal Bureau of Investigation. Quinn testified as a witness for the Government. He testified among other things that he interviewed appellant on two occasions; that special agent Brown was present at the first interview; and that special agent Brown and four other special agents were present at the second interview. He further testified that in the course of the first interview, appellant made certain statements in respect to facts and circumstances which preceded, attended, and followed the robbery; that during the interview the witness did not make any notes; that special agent Brown made notes; that the

notes were not present at the trial; and that the witness did not know whether they were still in existence or had been destroyed. He further testified that after the first interview and before the second, he prepared a memorandum which related to the interview; that he also prepared a written statement to be submitted to the appellant for signature; that the statement was typed from the notes which special agent Brown had made; and that at the second interview, appellant signed the statement. The witness further testified that the memorandum included some statements made by the appellant which were not included in the written statement. It was with that background that request was made for the production of the memorandum. Soon after Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, was decided, Congress enacted 18 U.S. C. § 3500. In presently pertinent part, the statute provides in effect that after a witness called by the Government in a criminal prosecution, has testified on direct examination, the court shall on motion of the defendant require the Government to produce and deliver to the defendant for his examination and use any statement, as thereinafter defined, of the witness in the possession of the Government which relates to the subject matter concerning which the witness has testified. And the statute defines the term "statement" to mean a written statement made by the witness and signed or otherwise adopted or approved by him, or a stenographic or other transcription thereof which is substantially a verbatim recital of an oral statement by the witness to an agent of the Government and recorded contemporaneously with the making of the statement. Considered in its entirety, the statute indicates clearly a studied congressional purpose to limit the right of a defendant in a criminal prosecution to the production from the files of the Government of statements as defined in the statute to be used for impeachment purposes only. The memorandum prepared by the witness after the interview had been completed was his interpretations and impressions, not a statement within the intendment and meaning of the statute; and therefore appellant was not entitled to its production and submission to him for his examination and use in the trial. Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287.

■■ The instructions given to the jury respecting the good character of the appellant are challenged. The court instructed the jury that if they were satisfied from the evidence offered by appellant that he was of good repute prior to the time of the commission of the offense charged in the indictment, they might consider such previous good character along with all the other evidence, facts, and circumstances, in determining his guilt or innocence; that good character was not a defense to the crime; and that if the jury should find and believe from all the evidence, including that of good character, beyond a reasonable doubt, that the appellant committed the offense with which he was charged, he should be convicted notwithstanding his reputation for good character. But the court failed to instruct the jury that the circumstances may be such that an established reputation for good character alone may generate a reasonable doubt, although without it the other evidence might be convincing of guilt. Appellant excepted to the instruction given upon the ground of such omission. In addition, he submitted a requested instruction deemed to be a correct statement of the law in that particular respect, and it was refused. Believing it to be the rationale of Edgington v. United States, 164 U.S. 361, 17 S.Ct. 72, 41 L.Ed. 467, this court has held without deviation that when evidence of good character is submitted, the jury should be instructed that character testimony may be such that it alone may create a reasonable doubt, although without it the other evidence would be convincing of guilt. Miller v. United States, 10 Cir., 120 F.2d 968; Hayes v. United States, 10 Cir., 227 F.2d 540, certiorari denied

353 U.S. 983, 77 S.Ct. 1280, 1 L.Ed.2d 1142; Greer v. United States, 10 Cir., 227 F.2d 546; Petersen v. United States, 10 Cir., 268 F.2d 87. The jury was not so instructed in this case.

The judgment is reversed and the cause remanded.