UNITED STATES, Appellant

v

ROBERT ALLAN McCOSKEY, Hospital Recruit, U. S. Navy, Appellee

12 USCMA 621, 31 CMR 207

No. 15,410

January 26, 1962

*Lieutenant (jg) Donald F. Melhorn, Jr.*, USNR, argued the cause for Appellant, United States.

*Lieutenant Colonel William H. Bennison*, USMC, argued the cause for Appellee, Accused.

## Opinion of the Court

QUINN, Chief Judge:

Proceeding under Article 67(b)(2) of the Uniform Code of Military Justice, 10 USC § 867, the Acting The Judge Advocate General of the Navy has asked review of this case on the following question:

"Did the board of review err in holding that it was prejudicial error for the convening authority to include in his action information concerning other offenses allegedly committed by the accused, where the accused was afforded, and exercised, an opportunity to rebut such information?"

Before a special court-martial the accused pleaded guilty to larceny of a pair of gloves and attempted sale thereof, in violation of Articles 121 and 80, respectively, of the Uniform Code, 10 USC §§ 921, 880. He was found guilty and sentenced to a bad-conduct discharge and other penalties. In approving the sentence, with a reduction in confinement and in the period and amount of the adjudged forfeitures, the convening authority referred to Secretary of the Navy Instruction 5815-.2A, dated March 12, 1956. Among other things, the Instruction requires that when a plea of guilty is entered, the convening authority will set out in his action a "synopsis of the circumstances of the offense in amplification of the statements set forth in the specifica-

tion." See United States v Webster, 9 USCMA 615, 26 CMR 395. The synopsis here is as follows:

"In accordance with SecNav Inst. 5815.2A of 12 March 1956, the following facts in extenuation, mitigation or aggravation are incorporated in this action: On 12 April 1961, the accused stated to a Special Agent of the Office of Naval Intelligence that he stole fifteen pairs of leather Navy gloves, a pair of black shoes and a number of T shirts. He stated that he had given the T shirts to other men but that he had sold all but one pair of the gloves. The shoes were found in his locker. He was apprehended on 12 April after being identified by two men as the person who had approached them previously, offering to sell them leather Navy gloves. He was identified as the same person who, on 11 April 1961, had boasted to a group of men in Barracks 162 that he had sold a 'whole AWOL bag' of clothes in Chicago and that 'he would never be caught.' The accused declined to sign a written statement.

"At the time of this offense the accused was assigned to the Bulk Warehouse Section of the Small Stores Division of the Supply Department. It is believed that the accused took the items during the course of inspecting and re-packing damaged shipments received by the warehouse.

622

"Pursuant to BuPers Inst. 5815.1 of 3 June 1960, the accused and his counsel were afforded an opportunity to rebut the matters contained in the above which are adverse to the accused. The rebuttal statement of the accused, witnessed by his counsel, has been considered by the convening authority and is forwarded as Appellate Exhibit 1."

The board of review held that the convening authority "exceeded the scope" of the SECNAV ▮ Instruction by injecting "probable but nevertheless unproven allegations of the theft of other or more articles" than the pair of gloves mentioned in the specifications. Cf. contra, United States v Albert, CM 405753, decided July 5, 1961. We may assume, without deciding, that the synopsis refers to offenses unrelated to, and different from, those charged, so that they do not constitute "amplification" of the specifications to which the accused pleaded guilty. Cf. United States v Maynazarian, 12 USCMA 484, 31 CMR 70. Nevertheless, the convening authority did not err by setting out the circumstances in his action.

A convening authority has exceedingly broad powers of review of the sentence adjudged by the ▮ court-martial. Article 64, Uniform Code of Military Justice, 10 USC § 864. He can, as Judge Brosman picturesquely observed, consult "a guy named Joe" for information relevant to the matter. United States v Coulter, 3 USCMA 657, 663, 14 CMR 75; see also United States v Wise, 6 USCMA 472, 477, 20 CMR 188. He can consider matters not found in the record of trial which are favorable to the accused, such as the commendation by a military superior or requests for clemency by the accused's friends and family. He can also consider matters not found in the record of trial which are adverse to the accused. We pointed out in United States v Lanford, 6 USCMA 371, 20 CMR 87, that the scope of the inquiry should be as broad as possible to provide the basis for "an informed judgment" rather than one based on guess or fancy. "Justice,"

we said, "is fostered by giving the reviewing authorities power to go outside the record of trial for information as to the sentence." Supra, page 379.

Since the convening authority acts in a judicial capacity when he reviews the sentence, manifestly, he ▮ should not credit unfavorable reports of the accused's character and conduct based on mere speculation or vague suspicion. But, he is entitled to consider reliable information about the accused which will aid him in reaching a decision on whether to approve the sentence adjudged by the court-martial or lessen its rigor. He can, therefore, look to the accused's service record for relevant information, United States v Lanford, supra; he can solicit and consider the opinions of responsible officers or other persons, military and civilian, United States v Young, 9 USCMA 452, 26 CMR 232; United States v Smith, 9 USCMA 145, 25 CMR 407; and he can properly request and review information as to other acts of misconduct or merit by the accused, United States v Jackson, 9 USCMA 298, 26 CMR 78; United States v Taylor, 9 USCMA 34, 25 CMR 296; United States v Vara, 8 USCMA 651, 25 CMR 155. Of course, if the convening authority ▮ considers detrimental matter not found in the record of trial, he must accord the accused an opportunity to rebut it. United States v Griffin, 8 USCMA 206, 24 CMR 16; United States v Vara, supra. That opportunity was granted here; and, in fact, the accused filed a rebuttal statement which the convening authority said he considered. From the fact that he reduced the period of confinement and the period and the amount of the forfeitures adjudged by the court-martial, it would appear the convening authority gave substantial weight to the accused's statement. However, even if he accorded it no weight, the matter was open to the board of review's scrutiny. It could itself reappraise the circumstances, and reduce the sentence approved by the convening authority to what it determined were

**623**

appropriate limits. The board of review may disagree with the convening authority on the weight to accord matter adverse to the accused, but the fact of such disagreement does not make it wrong for the convening authority to consider that matter in his action on the sentence.

The certified question is answered in the affirmative. The decision of the board of review is reversed, and the record of trial is returned for reconsideration in the light of this opinion.

Judges FERGUSON and KILDAY concur.