Mario SANSEVERINO, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7265.

United States Court of Appeals Tenth Circuit.

Aug. 22, 1963.

Rehearing Denied Sept. 10, 1963.

Gus Rinehart, Oklahoma City, Okl. (S. Morton Rutherford, Tulsa, Okl., on the brief), for appellant.

John M. Imel, Tulsa, Okl., for appellee.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

Appellant was found guilty by a jury of wilfully and knowingly attempting to evade payment of income tax in violation of 26 U.S.C.A. § 7201.[1] The two-count indictment charged the taxpayer with having concealed income and assets in the years 1955 and 1956 and with having understated his income returns for those years by $26,586.95 and $22,912.56. He appeals the judgments of conviction asserting numerous errors in the admission of evidence and the instructions of the court and specifically contending that the statute of limita-

tions had run as to Count I of the indictment.

The indictment was filed May 17, 1962, and charged in Count I the filing of a false return upon April 9, 1956, for the taxable year 1955. The government offered no affirmative proof that the normal six-year period of limitation set by 26 U.S.C.A. § 6531(2) had been tolled but the files and records of the District Court show that a complaint was filed in that court on March 30, 1962. The filing of such complaint, when made by the examining agent and affirmatively stating that the complaint is based upon his personal investigation, effectively tolls the statute under the proviso of Sec. 6531 which provides in part:

"* * * Where a complaint is instituted before a commissioner of the United States within the period above limited, the time shall be extended until a date which is 9 months after the date of the making of the complaint before the commissioner of the United States."

The government had no burden to offer formal proof of that which appears in the case record of the court for such is the cornerstone of judicial notice. Appellant's reference to White v. United States, 5 Cir., 216 F.2d 1, and Flemister v. United States, 5 Cir., 260 F.2d 513, is guideless for in each of those cases the trial court relied, through judicial notice, upon something that did not appear in its record.

Appellant urges that the admission of irrelevant evidence of transactions in years prior to the years under investigation was error and prejudiced his defense. The trial court instructed the jury as to the reasons for the admission of such evidence:

"You are instructed that although the defendant is herein charged

---

[1]. 26 U.S.C.A. § 7201: "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty

of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution."

with attempting to evade his income taxes for the years 1955 and '56, the Court nevertheless permitted evidence of like or similar transactions by the defendant in prior years. Such evidence is to be considered by you only insofar as you may find it bears upon or relates to the intent of the defendant, if you find that he failed to pay all of his taxes for a year or years involved in this indictment. In other words, such evidence was admitted for the purpose of throwing light upon the state of mind or intent of the defendant when he filed tax returns for the years 1955 and '56 and to show that the charged attempts to evade were part of the pattern or course of conduct which had been followed in former years."

Appellant protests that the transactions which were shown, i. e. a stock sale in 1953, large cash transactions and bank deposits, were not similar to his activities in the years under investigation, United States v. Accardo, 7 Cir., 298 F.2d 133, and indeed, implied to the jury that defendant had not paid proper taxes in prior years. We see no error in nor prejudicial effect to the admission of such testimony for it was consonant with the defense that his failure to pay the full tax required of him was a misconception of the law and a laxity in his business habits. The appellant was afforded ample opportunity to refute the implications which he now finds in the evidence and in fact offered evidence showing his entire life in this country and Italy, including its financial aspects. Whether or not the evidence to which he now objects demonstrated a pattern of tax evasion or a pattern of excusable negligence in money matters became a matter for the jury to decide. It was not, at any rate, inadmissible as irrelevant. Continuity of motive and intent may be shown by evidence of the conduct of a defendant at times proximate to that charged in the indictment. Morlan v. United States, 10 Cir., 230 F.2d 30; Jones v. United States, 10 Cir., 251 F.2d 288; Doty v. United States, 10 Cir., 261 F.2d 10; Tandberg-Hanssen v. United States, 10 Cir., 284 F.2d 331. And such evidence may still be proper though capable of arousing suspicion of the commission of a different crime than the one specifically charged if motivated by the same intent pertinent to the then present inquiry. Morlan v. United States, supra.

■ Appellant also objects to the use of a government summary showing an accounting of his income and tax liability for the years 1955 and 1956 and again to the permitted enlargement of that summary. The trial court was explicit in its instructions that the exhibit was not evidence as such but merely constituted an argumentative tool which the prosecution contended supported its case. Thus, the errors found in such an exhibit in Flemister v. United States, 5 Cir., 260 F.2d 513, were avoided. The jury was informed by all the evidence of the government's method of investigation and of the use of bank deposits as demonstrating taxable income and of the defendant's explanations and denials of the various items and was instructed to make its own determinations as to the validity of the various charges to income. No error appears in the use of the exhibits.

■■ Appellant was allowed to present seven witnesses who testified as to his good character. He complains that the testimony of two more character witnesses was stricken after it appeared that their testimony was more in the nature of a personal endorsement than based upon a familiarity with appellant's reputation. Knowledge of reputation is, of course, the basis of materiality for such testimony, Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L. Ed. 168, and, in any event, it lies within the trial court's discretion to limit the number of character witnesses. Petersen v. United States, 10 Cir., 268 F.2d 87. No error or abuse of discretion here appears.

■■ Appellant's remaining assignments of error pertain to the court's

instructions upon a number of subjects and the failure of the court to give appellant's requested instructions upon such subjects. We are satisfied that the instructions adequately, in fact, artfully, informed the jury of the complications of the applicable law. The trial court is under no obligation to use the words of a submitted instruction even though the proposed instruction may be both a correct statement of the law and (as here) artfully expressed. United States v. Alker, 3 Cir., 260 F.2d 135, 152. We find no error in the instructions.

The judgment is affirmed.