The BIRD CITY EQUITY MERCANTILE EXCHANGE, Appellant,

v.

UNITED STATES of America, Appellee.

Edwin LOOMIS, Appellant,

v.

UNITED STATES of America, Appellee.

Chris M. JENSEN, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 7550–7552.

United States Court of Appeals Tenth Circuit.

Nov. 10, 1964.

Rehearing Denied Dec. 16, 1964.

Emmet A. Blaes, Wichita, Kan. (Selby S. Soward, Goodland, Kan., and John G. Kite, St. Francis, Kan., on the brief), for appellants.

· Elmer Hoge, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before PICKETT, BREITENSTEIN and SETH, Circuit Judges.

PICKETT, Circuit Judge.

The 10-count indictment in this case charged the appellants with making false statements in violation of 15 U.S.C. § 714m(a), for the purpose of influencing the action of the Commodity Credit Corporation, an agency of the United States, in making loans to applicants. The appellants Bird City Equity Mercantile Exchange and Loomis were named defendants in all ten counts of the indictment, and the appellant Jensen in only five counts. Upon conviction on all counts as charged, the corporation was fined $250 on each count. Loomis and Jensen were fined $100 and sentenced to imprisonment for a period of one year and one day on each count in which they were charged, the sentences to run concurrently.

The corporation is an agricultural cooperative located in Bird City, Cheyenne County, Kansas. Loomis was its general manager and Jensen was manager of the hardware and lumber departments. The corporation sold a type of grain bin to be erected on farms, upon which the C.C.C. authorized loans to qualified individual purchasers. The amount of such loans was limited to "eighty percent of the actual out-of-pocket cost paid by the borrower." The applicant for a loan was required to submit receipted bills showing the cost of the structure. All the loans upon which the indictment is based grew out of sales of grain bins to individual farmers negotiated by Loomis and Jensen for the corporation. It is conceded that the statements furnished the C.C.C. by Loomis and Jensen, for the purpose of determining the amount for which loans could be made to applicants, varied from 101% to 115% of the amount actually paid by the borrower to the corporation for the bins. The defense was lack of intent to violate the statutes and regulations. It is contended that the submission of the aforesaid statements resulted from lack of knowledge of the regulations and that the procedure followed was directed by the local representative of the C.C.C. and his staff. There was evidence at the trial that Loomis and Jensen had good reputations in the community for truth and veracity.

■ ■ The purpose of proving the good reputation of an accused in a criminal case is to establish a general character which is inconsistent with guilt. It is not proof of innocence, but it may be such · as to raise a reasonable doubt as to guilt. Edgington v. United States, 164 U.S. 361, 17 S.Ct. 72, 41 L.Ed. 467. The trial court refused a requested instruction of appellants that " * * * evidence of good character, when considered with all the other evidence, may alone create a reasonable doubt." This court, without deviation, has followed the rule that when a defendant in a criminal case offers evidence of his good character, it is prejudicial error not to instruct the jury that such evidence, when considered with other evidence, may in itself be sufficient to create a reasonable doubt. Miller v. United States, 10 Cir., 120 F.2d 968; Hayes v. United States, 10 Cir., 227 F.2d 540, cert. denied 353 U.S. 983, 77 S.Ct. 1280, 1 L.Ed.2d 1142; Greer v. United

States, 10 Cir., 227 F.2d 546. In each of these cases the necessity of using the term "alone" was critical. Recognizing that our rule had been rejected by other circuits, this court, sitting en banc in Petersen v. United States, 10 Cir., 268 F.2d 87, gave further consideration to the subject and declined to recede from its holding in previous cases. The instruction considered in Petersen v. United States, supra, is identical to the one rejected by the trial court in this case.[1]

 The United States urges that the appellants' objection to the failure of the court to give the offered instruction does not meet the requirements of Rule 30, F.R.Crim.P. The rule provides in part that "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." To comply with this rule, objections to instructions or omissions must be made after the instructions have been given. Ryan v. United States, 10 Cir., 314 F.2d 306; Burns v. United States, 10 Cir., 286 F.2d 152; Hayes v. United States, 10 Cir., 238 F.2d 318; Palmer v. United States, 10 Cir., 229 F.2d 861, cert. denied 350 U.S. 996, 76 S.Ct. 546, 100 L.Ed. 861, rehearing denied 351 U.S. 958, 76 S.Ct. 844, 100 L.Ed. 1480. Prior to argument the trial court, in chambers, discussed with all the attorneys the instructions proposed and those which were to be given. After the jury had been instructed, and before it retired, the court requested counsel to approach the bench, and stated: "Now, may it be agreed that the record we made yesterday in chambers in connection with instructions of the Court be incorporated in the record at this time?" This was agreeable to counsel, and upon inquiry from the court, defendants' counsel stated that they had no further objections to offer. Although no objection was made after the instructions were given, it seems quite clear that the court and the attorneys considered the court's attempt to incorporate the prior proceedings into the record by reference to be adequate. While the attempted shortcut is not a compliance with the rules, we do not think that the parties should be penalized as a result. Furthermore, the refusal to properly instruct the jury affected substantial rights of the accused which may be noticed even though no objection was made. Rule 52(b), F.R. Crim.P.; Wright v. United States, 10 Cir., 301 F.2d 412; Kitchens v. United States, 10 Cir., 272 F.2d 757, cert. denied 362 U.S. 942, 80 S.Ct. 809, 4 L.Ed.2d 772; Corbin v. United States, 10 Cir., 253 F.2d 646.

 Appellants next contend that their motion for acquittal at the close of all the evidence should have been sustained because the prosecution failed to prove criminal intent. We have given careful consideration to the entire record and are convinced that the evidence as a whole presents a question for the jury as to the intent of the defendants. A recitation of this evidence would serve no useful purpose.

Reversed and remanded for a new trial.

---

1. In Johnson v. United States, 10 Cir., 269 F.2d 72, 74, we again examined our position on the necessity of the trial court to conform to the rule of this circuit, in this language: "Believing it to be the rationale of Edgington v. United States, 164 U.S. 361, 17 S.Ct. 72, 41 L.Ed. 467, this court has held without deviation that when evidence of good character is submitted, the jury should be instructed that character testimony may be such that it *alone* may create a reasonable doubt, although without it the other evidence would be convincing of guilt." (Emphasis supplied.)