UNITED STATES, Appellee,

v.

Private (E2) David L. ELLIOTT, SSN
441–60–5273, United States
Army, Appellant.

CM 435475.

U. S. Army Court of Military Review.

30 Aug. 1977.

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Captain Ralph E. Sharpe, JAGC, and Captain

Johnny D. Mixon, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Major Steven M. Werner, JAGC, Captain Gary F. Thorne, JAGC, and Captain Dana C. McCue, JAGC, were on the pleadings for appellee.

Before CLAUSE, COSTELLO and TALIAFERRO, Appellate Military Judges.

### OPINION OF THE COURT

COSTELLO, Judge:

Appellant was found guilty, contrary to his plea, of possession of 196 grams of hashish in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. He now asserts twofold error: that he was tried improperly because he was denied access to a witness he wanted for the proceedings on the sentence, and that the staff judge advocate misadvised the convening authority with respect to a trial ruling by the military judge. We find no error in the proceedings at trial, but there was error in the post-trial review.

■ The witness appellant wanted was his former commander; he was to testify in favor of appellant's retention in the Army. Defense counsel made a timely pretrial request for the witness which was not granted. Upon renewal of his request at trial, the military judge ordered a continuance and ordered the Government to get the witness. After the Government reported that CPT Abbott had returned to the United States from the trial site in Europe, been discharged from the Army, and had refused the "Invitational Travel Orders" proffered by the Trial Counsel, the judge ordered the trial to resume. Should he have abated the proceedings instead? We think not.

From the Government's point of view that witness was as unavailable as if he had died, and it may well be that more relaxed standards are to be applied in the case of witnesses on the sentence than in the case of those on the general issue. But we do not need to decide those issues; this case comes within well-established principles of our jurisprudence.

■ The basic military rule is that an "an important witness" must be made available at trial where it appears that ". . . the possibility that the accused would receive a fair trial was gravely impaired." *United States v. Daniels,* 23 U.S.C.M.A. 94, 96, 48 C.M.R. 655, 657 (1974). *See also United States v. Jouan,* 3 M.J. 136 (C.M.A.1977).

A major element in the trial judge's decision to resume was his knowledge that two other witnesses were available to appellant on the same issues. Those witnesses, who did testify positively on behalf of appellant, were his then current commander and job supervisor. Their testimony contributed to a recommendation from the military judge to the convening authority to suspend the punitive discharge the judge had imposed. Thus, appellant had the benefit of testimony from two of the three witnesses he requested, and they were witnesses of patent efficacy. Our review of this record persuades us that CPT Abbott's testimony would have been merely cumulative of that given by the two officers who testified. Therefore, the trial judge's decision to proceed with the trial was proper; there was neither unfairness nor injury to this appellant. *United States v. Boone,* 49 C.M.R. 709 (A.C.M.R.1975), *pet. denied* 28 April 1975; *United States v. Somers,* 496 F.2d 723 (3rd Cir. 1974); *United States v. Zane,* 495 F.2d 683 (2nd Cir. 1974); *Petersen v. United States,* 268 F.2d 87 (10th Cir. 1959).

Appellant's second assertion of error is meritorious; the staff judge advocate advised the convening authority wrongly concerning the admissibility at trial of evidence of the content of certain pretrial statements of the accused. The evidence was contained in testimony elicited from a defense witness, Mr. Wingfield, on cross-examination during proceedings on the sentence before the trial judge. Warrant Officer Wingfield testified without objection that as appellant's work supervisor he counselled him regularly about his conduct on and off the job. When the instant offense was reported to him, he summoned appellant for

a talk, during the course of which appellant acknowledged that he held the 196 grams of marijuana "for the money." The issue of the advice given to the convening authority about this evidence was preserved by trial defense counsel's timely but futile objection to the post-trial review.

Preliminarily we note that evidence such as this was relevant to the central issue raised by appellant during the proceedings on the sentence. The whole defense theory was that appellant was a youthful, impressionable person who had fallen in with evil companions. Had evidence that the charged possession was for the purpose of sale come to the convening authority by another route, he would have been free to consider it. *United States v. McCoskey,* 12 U.S.C.M.A. 621, 31 C.M.R. 207 (1962).

 The error here is not one related to the intrinsic worth of the evidence, but rather to compliance with the rules concerning the voluntariness of admissions of guilt. The "counselling sessions" conducted by W. O. Wingfield should have included warnings pursuant to Article 31, UCMJ, 10 U.S.C. § 831, because specific misconduct under the Code was a subject. *United States v. Seay,* 1 M.J. 201 (C.M.A.1976); *see also United States v. Dohle,* 1 M.J. 223 (C.M. A.1975). Having been received by his supervisor in violation of Article 31, the statements of appellant were not admissible into evidence. Article 31(d), UCMJ, 10 U.S.C. § 831(*d*). Therefore, the trial judge properly refused to consider the evidence, *sua sponte. United States v. Hanna,* 25 U.S.C.M.A. 135, 54 C.M.R. 153, 2 M.J. 69 (C.M.A.1976).

From the foregoing it is apparent that the staff judge advocate erred in advising the convening authority that appellant's admission of possession with intent to sell "was properly entered into evidence. . . ." The relevance of this statement to the convening authority's decision to accept or reject (as he did) the trial judge's recommendation for clemency is manifest. "We conclude, therefore, that the staff judge advocate's misadvice . . . could

reasonably have influenced the convening authority's decision not to suspend the punitive discharge," *United States v. Turner,* 21 U.S.C.M.A. 356, 358, 45 C.M.R. 130, 132 (1972). That risk of substantial prejudice requires correction.

The action of the convening authority, dated 29 November 1976, is set aside. The record of trial is returned to The Judge Advocate General for a new review and action by a different convening authority.

Senior Judge CLAUSE and Judge TALIAFERRO concur.