UNITED STATES, Appellee

v

JOHN H. SELLARS, Private, U. S. Army, Appellant

17 USCMA 116, 37 CMR 380

No. 20,115

June 23, 1967

*Colonel Daniel T. Ghent, Major David J. Passamaneck,* and *Captain Kenneth J. Stuart* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel David Rarick* and *Captain David E. Wilson* were on the pleadings for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

Tried by general court-martial and convicted of disrespect toward a superior officer, disrespect toward a superior noncommissioned officer, robbery, and breach of restriction, in violation of Uniform Code of Military Justice, Articles 89, 91, 122, and 134, 10 USC §§ 889, 891, 922, 934, respectively, the accused was sentenced to dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for two years, and reduction. Intermediate appellate authorities affirmed, and we granted his petition for review on the issue whether the law officer erred prejudicially in requiring Sellars to answer a court member's question.

From the record, it appears accused elected to testify only with respect to the robbery charge and so limited his testimony. After he had detailed his version of the events, including travel off base, he was asked by a court member whether he was on pass. Although he invoked Code, supra, Article 31, 10 USC § 831, he was nonetheless required to answer the question. He admitted he had no authority to be absent. Such amounted to a judicial confession of the charged offense of breach of restriction.

In view of the accused's election to limit his testimony, the requirement that he testify with regard to another offense constituted prejudicial error. United States v Marymont, 11 USCMA 745, 29 CMR 561; United States v Johnson, 11 USCMA 113, 28 CMR 337. It requires the conviction of breach of restriction to be set aside.

The decision of the board of review is reversed and the findings of guilty of Additional Charge I and its specification are set aside. Additional Charge I is ordered dismissed. The record of trial is returned to the Judge Advocate General of the Army. The board of review may reassess the sentence on the basis of the remaining findings of guilty.

Chief Judge QUINN and Judge KILDAY concur.