UNITED STATES, Appellee

v

ROBERT M. CLARK, Private, U. S. Marine Corps, Appellant

18 USCMA 458, 40 CMR 170

No. 21,613

August 1, 1969

*Commander E. M. Fulton, Jr., JAGC, USN,* argued the cause for Appellant, Accused.

*Commander Walter F. Brown, JAGC, USN,* argued the cause for Appellee, United States. With him on the brief was *Colonel C. R. Larouche,* USMC.

### Opinion of the Court

DARDEN, Judge:

The accused pleaded guilty to five specifications alleging the wrongful possession, use, or sale of marihuana, all in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He was sentenced to a bad-conduct discharge, forfeiture of $90.00 per month for forty-eight months, and confinement at hard labor for four years. The convening authority reduced the period of confinement to three years, suspending the confinement in excess of eighteen months with provision for automatic remission. He approved the forfeitures for the period of actual confinement.

The board of review later affirmed the findings and sentence. The Secretary of the Navy has since ordered the unsuspended period of confinement reduced to sixteen months.

The convening authority's action in this case contains the statement "A copy of this action has been submitted to Private CLARK for any statement regarding its contents. His statement is appended to the record of trial." Unable to find the accused's "appended" document, this Court ordered action on the petition for grant of review withheld "pending receipt of such statement from Appellate Government Counsel." In compliance with our order, appellate counsel requested a copy from the convening authority's staff judge advocate. In response, the latter declared that office records show the statement was attached to the record of trial when it was forwarded to the office of the Judge Advocate General of the Navy for review by a board of review, and that after the board of review had approved the findings and sentence, a request for a copy of the statement was received but that a search of their records was unfruitful.

This Court then granted the accused's petition for review on the two following issues:

I. In view of the absence from the record of the statement of the accused referred to in the convening authority's action dated July 30, 1968, is the record of the proceedings complete?

II. Whether the accused was prejudiced by the absence from the record of his statement referred to in the convening authority's action dated July 30, 1968.

Included in the appellate papers is an attestation by Clark that he did not make a statement concerning the convening authority's action and that he was not afforded the opportunity to do so, since he did not receive a copy of the action until his transfer to the Naval Disciplinary Command, Portsmouth, New Hampshire. Both parties now seem agreed that the accused has not had an opportunity to respond to the convening authority's action and that consequently he could not have responded. We are satisfied that this is what happened. Regardless, in this case nothing would be accomplished by returning the record for a new review by the convening authority.

If the convening authority considers matters outside the record, he must afford the accused an opportunity to reply. United States v Griffin, 8 US CMA 206, 24 CMR 16. But reversal does not necessarily result from every instance of error. United States v Roop, 16 USCMA 612, 37 CMR 232.

The convening authority included in his action a factual summary of the search of the accused's personal effects and automobile and the later seizure of the marihuana that is the subject of the charges against the accused. If Clark had pleaded not guilty, this evidence could have been offered by the prosecution. The accused knew the information that was summarized. Since he pleaded guilty to the charges based on this information, we fail to perceive that he suffered from the information considered. Cf. United States v Jackson, 9 USCMA 298, 26 CMR 78.

The convening authority also considered a list of earlier nonjudicial punishments the accused had received. The actions resulting in these punishments appear to be insignificant in comparison with the instant offenses. In any event, these earlier transgressions were known to the accused. He hardly could effectively rebut this record. In United States v Owens, 11 US CMA 240, 243, 29 CMR 56, the Court aptly said of previous nonjudicial punishments:

". . . It stretches the rule of fairness beyond reasonable limits to impose upon the convening authority the duty to ask for an explanation of previous misdeeds by the accused for which he was officially punished."

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

I believe that my brothers too casually dismiss the obvious need to uphold the absolute verity of the record of trial. This is a necessary concomitant to the proper administration of justice. As Chief Judge Quinn, writing in the early case of United States v Galloway, 2 USCMA 433, 435, 9 CMR 63, said:

". . . The great weight of authority in the United States holds that the records and judgments of the trial court import absolute verity and may not, in the absence of a charge of fraud, be challenged. Edminston v Hunter, 161 F2d 691, 692 (CA 10th Cir); Thomas v Hunter, 153 F2d 834, 838 (CA 10th Cir); Smith v Hiatt, 54 F Supp 481, 483; 31 CJS Evidence, § 145, page 792, et seq."

In the case at bar, when the appellant's petition reached this Court, it was noted that the action of the convening authority contained the following statement:

"A copy of this action has been submitted to Private CLARK for any statement regarding its contents. *His statement is appended to the record of trial.*" [Emphasis supplied.]

Since the statement was not with the record, we withheld action pending receipt of such statement by appellate Government counsel. In accordance with our order, appellate Government counsel forwarded a letter from the Staff Judge Advocate, Camp Pendleton, California, who had reviewed the record of trial for the convening authority, in which he advised counsel that:

"Ref: (a) Manual of the Judge Advocate General, paragraph 0117f.

"1. In response to your inquiries of 16 January 1969, the reason a statement by Private CLARK was appended to the action of the convening authority is that reference (a) contains such a requirement.

"2. Our records indicate that when the original record of trial was sent from this office to the Office of the Judge Advocate General of the Navy for review by a Board of Review, Private CLARK's statement was appended to the action of the convening authority. After the Board of Review had approved the findings and sentence, a request for a copy of this statement was received by this office. A search of our records has failed to reveal a copy of this statement.

"3. The action of the Board of Review in approving the findings and sentence indicates that Private CLARK's statement was appended to the action of the convening authority when his case reached the Board."

Thereafter, we granted review to determine whether the absence of this statement caused the record to be incomplete and whether the accused was prejudiced thereby. Subsequently, through appellate defense counsel, the accused submitted an affidavit in which he averred that he did not make any statement concerning the convening authority's action, nor was he afforded an opportunity to do so.

Appellate Government counsel contend that the appellant's affidavit explains why no statement was appended to the record and why the staff judge advocate to the convening authority was unable to produce a copy. Under these circumstances, according to Government counsel, there is no valid reason to dispute the correctness of the accused's affidavit. The Government concedes that the accused did not, in fact, make any statement, and, therefore, the record of the proceedings is complete.

Appellate defense counsel argues that the record is incomplete because: (1) The accused has an absolute right to rebut any derogatory matter contained in the convening authority's action and in this case that right was denied as evidenced by the accused's affidavit; and (2) paragraphs 53b and 82, Manual for Courts-Martial, United States, 1951, provide that the record of the proceedings in each case must be complete without reference to any other

case and independent of any other document.

Since a sentence of a court-martial may not be executed until approved by the convening authority (Articles 60, 61, 64, 65, and 71(d), Uniform Code of Military Justice, 10 USC §§ 860, 861, 864, 865, and 871, respectively; paragraph 98, Manual, supra), the record of trial is not complete until the convening authority has acted and appended a copy of his action to the record.

The record before us contains an affirmative statement by the convening authority that the accused made a particular statement and that statement was attached thereto. The staff judge advocate, by letter, insists this record of events is correct. Balanced against a record importing absolute verity is an *ex parte* affidavit from the accused asserting that the record is not correct, for, allegedly, no such statement was ever made. We are urged by Government appellate counsel to accept this affidavit in lieu of a correction of the record by the convening authority. Defense asserts error over the fact that accused was denied the opportunity to make a statement.

Paragraph 95 of the Manual, supra, provides in pertinent part:

"When, as an incident of the review of a record of trial pursuant to Articles 65*b*, 66, 67, or 69, it is noted that the action of the convening authority or of a higher authority is incomplete, ambiguous, or contains clerical errors, the authority who took the incomplete, ambiguous, or erroneous action may be instructed to withdraw the original action and to substitute a corrected action therefor."

Inasmuch as a certificate of correction is a proper means of amending a record to reflect facts that actually took place (United States v Strahan, 14 USCMA 41, 33 CMR 253), it follows, logically, this same means should be utilized for establishing that recorded facts did not occur. While affidavits may be used for this purpose, in some circumstances, we said in United States v Solak, 10 USCMA 440, 444, 28 CMR 6:

". . . This is a permissible, but usually unsatisfactory, alternative to a certificate of correction. United States v Walters, 4 USCMA 617, 16 CMR 191; United States v Roberts, 7 USCMA 322, 22 CMR 112. The use of this method of completing the record may be resorted to only when the affidavits are in such substantial accord that they may be equated to 'amending the record with the consent of the parties.' United States v Walters, supra."

In the case at bar, were the situation such that one could readily find the parties in agreement as to the correction of the record, it might not be amiss to accept the affidavit of the accused, and the Government's concession, as fulfilling this purpose. But in this case, the parties do not agree as to the appellant's *right* to have made the statement in the first place; the Government claims he had no legal right thereto, and the defense alleges that such a right was vested in him by reason of section 0117f, Manual of the Judge Advocate General, Department of the Navy. The staff judge advocate who prepared the post-trial review also asserts this same right as being vested in the appellant. As of this date, he has not withdrawn nor countermanded his statement in the above-quoted letter. Nor has the convening authority been queried as to the questioned statement in his action.

It ill-behooves an appellate court to decide such a serious question without referral to the source of the controversy. The need to uphold the principle of absolute verity of the record is too important to be given such casual treatment. I believe that the issue is best resolved by returning the case for a new review by the convening authority.

I would reverse the decision of the board of review and direct that a new post-trial review be prepared.