UNITED STATES, Appellee

v

ROBERT D. TURNER, Private, U. S. Army, Appellant

21 USCMA 356, 45 CMR 130

No. 24,791

April 28, 1972

*Captain Arpiar G. Saunders, Jr.,* argued the cause for Appellant, Accused. With him on the brief were *Bernard J. Casey, Esquire, Colonel George J. McCartin, Jr.,* and *Captain Libero Marinelli, Jr.*

*Captain James T. Harper* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Lieutenant Colonel Ronald M. Holdaway, Captain David E. Wilson,* and *Captain Merle F. Wilberding.*

## Opinion of the Court

QUINN, Judge:

This appeal raises questions regarding the use and effect of evidence of previous disciplinary punishment under Article 15, Uniform Code of Military Justice, 10 USC § 815.

At a special court-martial consisting of a military judge without court members, the accused was acquitted of two charges, but convicted of assault with a switchblade knife, in violation of Article 128, Code, supra. During sentence proceedings, trial counsel offered a previous record of punishment under Article 15 for wrongful possession of a switchblade knife. Since the accused had been transferred from the unit whose commander had imposed the punishment and other conditions prescribed by regulations for destruction of the record on transfer had been met, the military judge ruled the evidence inadmissible. See Army Regulation 27–10, paragraph 15d(1), November 26, 1968, changed later by change 8, September 7, 1971; United States v Cohan, 20 USCMA 469, 43 CMR 309 (1971). Without challenging the correctness of the trial judge's ruling, the staff judge advocate informed the convening authority in the post-trial advice that, despite the ruling, he could "consider . . . [the evidence] in determining an appropriate punishment."

Appellate Government counsel contend that the trial judge's ruling was erroneous because the accused's transfer did not effect a change in *"organization* for record keeping purposes," within the terms of Army Regulation 27–10. In the *Cohan* case, supra, page 472, we pointed out that the regulation continued, albeit in modified form, early tradition that, on transfer from one organization to another, the individual should be "free from the burdens and the stigma incident to the punishment imposed upon him in his former organization." To achieve that purpose, the regulation provides for physical destruction of the record of disciplinary punishment. As we construe the provision, it is operative whenever the individual is transferred from a unit whose commander has authority to impose Article 15 punishment to another unit whose commander possesses the same power. Such a transfer occurred here.

Under the regulation, as it read at trial, the record of punishment should have been physically destroyed before the date of trial. United States v Cohan, supra, page 473. The administrative failure to withdraw the record from the accused's personnel file and destroy it did not preserve the record for legal use. Compare Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 85b; United States v Clark, 18 USCMA 458, 40 CMR 170 (1969); United States v Owens, 11 USCMA 240, 29 CMR 56 (1960). We conclude that the record of Article 15 punishment in issue was improperly considered by the convening authority.

Consideration of objectionable matter in his assessment of the sentence does not necessarily invalidate the convening authority's action. The question is whether the objectionable matter influenced the convening authority to approve a more severe sentence than he might otherwise have approved. United States v Sarlouis, 9 USCMA 148, 25 CMR 410 (1958); United States v Cohan, supra, page 474. Here, the con-

nection between the previous Article 15 and the offense of which the accused was convicted is unmistakable. The staff judge advocate commented on the connection in a way that was perhaps most unfavorable to the accused.

Noting first the trial judge's recommendation to suspend the discharge adjudged at trial, the staff judge advocate remarked that the assault upon the victim was "unprovoked" and "vicious." He described the trial judge's ruling excluding the Article 15 record from evidence as "purely technical." The juxtaposition of the several comments leaves the distinct impression that while the judge's recommendation to suspend the discharge was correct in "technical" terms, it was erroneous in practical effect. It reasonably appears, therefore, that the Article 15 record was perceived as a substantial circumstance affecting acceptance or rejection of the trial judge's recommendation. We conclude, therefore, that the staff judge advocate's misadvice as to the Article 15 record could reasonably have influenced the convening authority's decision not to suspend the punitive discharge. See United States v Prince, 16 USCMA 314, 36 CMR 470 (1966).

The decision of the United States Army Court of Military Review as to the sentence is reversed. The record of trial is returned to the Judge Advocate General for reference to another convening authority for reconsideration of the sentence.

Chief Judge DARDEN and Judge DUNCAN concur.