UNITED STATES, Appellee

v

JOE H. TROTTER, Sergeant, U. S. Air Force, Appellant

No. 28,916

December 13, 1974

Colonel *William E. Cordingly* and *Lieutenant Colonel James LaBar* were on the pleadings for Appellant, Accused.

Colonel *Charles F. Bennett* and *Captain Frederick P. Waite* were on the pleadings for Appellee, United States

## OPINION OF THE COURT

PER CURIAM:

Although the accused, testifying in his own behalf, limited his testimony to an alleged assault of which he was ultimately acquitted and a wrongful appropriation of which he was convicted, the military judge permitted trial counsel, over defense objection, to cross-examine him concerning the other offenses with which he was charged and found guilty. This was error, as the accused is entitled to limit his testimony to any offense with which he is charged. *United States v Sellars,* 17 USCMA 116, 37 CMR 380 (1967); *United States v Marymont,* 11 USCMA 745, 29 CMR 561 (1960); *United States v Johnson,* 11 USCMA 113, 28 CMR 337 (1960); Manual for Courts-Mar-

tial, United States, 1969 (Rev.), paragraph 149*b.* The extent of that erroneous cross-examination as well as the matters which it disclosed make the error prejudicial to the substantial rights of the accused. *United States v Sellars,* supra; *United States v Marymont, supra.* The effect of the error, however, does not extend to the offense of escape from confinement to which the accused providently pleaded guilty.

The decision of the United States Air Force Court of Military Review is reversed, and the record of trial is returned to the Judge Advocate General of the Air Force. A rehearing may be directed or the Court of Military Review may reassess the sentence on the offense of escape from confinement after dismissing the other charges.