## UNITED STATES

### v.

**Private First Class E–3 Michael W. HALL, 358–44–5433, U. S. Army, Special Processing Company, Fort Knox, Kentucky 40121.**

### CM 433750.

U. S. Army Court of Military Review.

Sentence Adjudged 26 June 1975.

Decided 20 Feb. 1976.

---

Appellate Counsel for the United States: CPT John F. Schmutz, JAGC; CPT John F. DePue, JAGC; MAJ John T. Sherwood, Jr., JAGC.

## OPINION OF THE COURT

FELDER, Judge:

The appellant was convicted of absence without authority from 3 May 1971 to 15 February 1974 and nineteen specifications of uttering worthless checks in violation of Articles 86 and 123a, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 923a. He was sentenced to a bad-conduct discharge, confinement at hard labor for four years and forfeiture of all pay and allowances. Pursuant to a pretrial agreement, the convening authority approved the sentence but suspended for twelve months all confinement in excess of six months.

The trial judge admitted into evidence two promulgating orders reflecting previous convictions by special courts-martial. One order was properly stamped and reflected a conviction on 28 July 1969 for a three-month unauthorized absence but the other order, showing a conviction on 13 June 1970 for another three-month unauthorized absence, did not indicate review by supervisory authority. The judge refused to admit a DA Form 20B reflecting the latter conviction because there was no notation of finality. The appellant contends that the absence of a finality notation on the DA Form 20B affirmatively established that supervisory review had not been completed and the trial judge should not have allowed the court members to consider the promulgating order as a basis for increasing the severity of the sentence. *United States v. Reed*, 23 U.S.C.M.A. 558, 50 C.M.R. 777, 1 M.J. 166 (1975).

The appellant's position in this regard is untenable because there was no regulatory requirement to note the date of supervisory review on the DA Form 20B at the time of his previous convictions. The requirement to do so did not become effective until 15 December 1971. Army Regu-

Appellate Counsel for the Accused: CPT John Richards Lee, JAGC; CPT Ronald Lewis Gallant, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC.

lation 27–10, 26 November 1968, paragraph 2–25, Change 8, 7 September 1971 (effective 15 December 1971). Therefore, the unstamped order was unaffected by the absence of a finality notation on the DA Form 20B and it was admissible under the passage of time doctrine enunciated in *United States v. Wilson*, 7 U.S.C.M.A. 656, 23 C.M.R. 120 (1957), and *United States v. Colbert*, 42 C.M.R. 363 (A.C.M.R. 1970), *pet. denied*, 42 C.M.R. 355 (1970).

The trial judge refused to admit into evidence three records of nonjudicial punishments imposed respectively, on 21 April 1970 for breaking restriction; 3 February 1971 for a 16-day AWOL; and 6 April 1971 for failure to repair and disobedience of a lawful order. Nevertheless, the staff judge advocate discussed them in the review. The admissibility of records of nonjudicial punishment is governed by paragraph 75*d*, Manual for Courts-Martial, United States, 1969 (Revised edition), and the implementing regulatory provision, paragraph 2–20*b* (2), Army Regulation 27–10. The *Manual* and the regulation provide generally that a record of nonjudicial punishment that is properly in an accused's field 201 file [1] is admissible in evidence prior to sentencing as a matter in aggravation.

■ Paragraph 3–15 of the regulation in effect at the time these punishments were imposed provided for removal of the record one year from the date of imposition if the accused were transferred; otherwise, two years from the date of imposition. Applying the regulation as it existed at the time of imposition of the 21 April 1970 punishment, that record should have been removed on 21 April 1971 because the appellant had been transferred and one year had elapsed. Therefore, the military judge properly declined to accept the record in evidence. *United States v. Cohan*, 20 U.S. C.M.A. 469, 43 C.M.R. 309 (1971).

As to the punishments imposed on 3 February 1971 and 6 April 1971, the records would have been withdrawn in February and April 1972 but the regulation was changed on 15 December 1971. Essentially, the change lengthened the one year retention period to two years and excluded periods of unauthorized absences in computing the time. By excluding appellant's period of unauthorized absence, the change permitted the retention of the records until on or about 15 November 1975 and 20 January 1976, respectively.

■ Thus, the change had an *ex post facto* effect as to the unauthorized absence offense which was committed prior to the change in the regulation. This would preclude the admissibility of the Article 15 records as to that offense. *United States v. Gowing*, 45 C.M.R. 749 (A.C.M.R. 1972). The changed regulation would have no *ex post facto* effect as to the bad check offenses which occurred in 1975, however. We are therefore presented with the question of whether records of nonjudicial punishment which are admissible as to some offenses of which an accused has been convicted but not admissible as to others should be admitted at all. In an analogy to the admissibility of records of previous convictions under paragraph 75*b* (2), MCM, *supra*, if they are admissible as to any offense, the records are admissible as to all. Therefore, the military judge erred when he declined to admit into evidence the records of nonjudicial punishments imposed on 3 February 1971 and 6 April 1971. *But see United States v. Carter*, 42 C.M.R. 898 (A.C.M.R. 1970).[2]

■ Although not admitted at trial, the latter two records of nonjudicial punishments were properly maintained in the ap-

---

1. Military Personnel Records Jacket, U. S. Army (DA Form 201).

2. Private Carter was convicted of an unauthorized absence that commenced prior to 1 August 1969 and other absences without leave that occurred *after* that date. In *United States v. Johnson*, 19 U.S.C.M.A. 464, 42 C.M.R. 66 (1970), the United States Court of Military Appeals established 1 August 1969 as the effective date for the use of records of nonjudicial punishment during the presentencing proceeding. This Court citing *Johnson* ruled that the trial judge erred by admitting into evidence certain records disclosing that Carter had received nonjudicial punishments on three occasions.

pellant's file. Accordingly, it was legally permissible for the staff judge advocate to mention them in his review [3] but it was improper for him to mention the earlier 1970 punishment because that record should have been removed from the file. *United States v. Turner,* 21 U.S.C.M.A. 356, 45 C.M.R. 130 (1972).

■ In view of the number and nature of the offenses of which appellant was convicted, the admissible records of previous convictions by special courts-martial and the records of nonjudicial punishments, we find no prejudice from the erroneous consideration by the convening authority of an Article 15 punishment for breaking restriction.

The findings of guilty and the sentence are affirmed.

Senior Judge JONES concurs.

O'DONNELL, Judge, concurring in the result:

I concur outright in the principal opinion on the question of the admissibility of the record of previous convictions. Although I concur in the result reached with respect to the records of previous nonjudicial punishment, I have filed this separate concurring opinion because I believe it is appropriate to furnish a more detailed analysis of the difference between retention and admissibility of records of nonjudicial punishment.

The Manual for Courts-Martial provides at paragraph 75*d* that personnel records of an accused which reflect his past conduct and performance and which are maintained in accordance with departmental regulations may be received in evidence before sentencing as matter in aggravation. Records of nonjudicial punishment which are required to be maintained in the accused's Field Personnel Records Jacket (DA Form 201) qualify as personnel records reflecting past conduct and performance within the meaning of paragraph 75*d* of the Manual. Paragraph 2–20*b*(2), Army Regulation 27–10, 26 November 1968. *See United States v. Johnson,* 19 U.S.C.M.A. 464, 42 C.M.R. 66 (1970). Only if these records are properly in the accused's file at the time of trial, may they be received in evidence. *See United States v. Cohan,* 20 U.S.C.M.A. 469, 43 C.M.R. 309 (1971).

The Secretarial regulations in implementation of the Manual provision set forth the conditions for retention and disposition of records of nonjudicial punishment. The regulation presently in effect provides essentially that records of nonjudicial punishment will be removed from the 201 File when the person is separated from the Army, when all punishments are set aside or when two years have expired since the imposition of the punishment. In determining the two-year period, periods of unauthorized absence as shown by records of nonjudicial punishment or records of previous convictions are excluded. Paragraph 3–15*b*(1), Army Regulation 27–10, 26 November 1968 (Change 8, 7 September 1971). The present regulation, which became effective 15 December 1971, superseded an earlier regulation which set forth a shorter period of retention (one year) when the person was transferred to another organization and which contained no provision for excluding periods of unauthorized absence. Paragraph 3–15*d*, Army Regulation 27–10, 26 November 1968.

The initial determination to be made in this, as in any case concerning the admissibility of records of nonjudicial punishment, is whether the records were properly in the accused's 201 File at the time of trial. The punishments were imposed on 21 April 1970, 3 February 1971 and 6 April 1971, respectively. As to the first nonjudicial punishment, we are concerned with the earlier

---

**3.** The doctrine of law of the case is not applicable. A convening authority has the independent responsibility under Article 64, UCMJ, 10 U.S.C. § 864, to approve a sentence he deems appropriate so long as he does not increase the severity. Pursuant to the broad latitude of paragraph 85*b*, MCM, 1969 (Rev.), a convening authority may consider adverse matters not admitted in evidence at trial to determine an appropriate sentence. *United States v. Scott,* 20 U.S.C.M.A. 264, 43 C.M.R. 104 (1971).

regulation. Since the accused was transferred subsequent to the imposition of the punishment, the record of punishment should have been removed one year following imposition, viz., on 21 April 1971. As to this record, the military judge correctly determined that it was inadmissible.

As to the other two nonjudicial punishments, we are also concerned initially with the earlier regulation. Thus, in the normal course of events, these records also would have been removed one year after imposition—3 February 1972 and 6 April 1972, respectively—as the accused was transferred subsequent to the imposition of the punishments. However, another factor enters the equation as to these two punishments. The pertinent regulation was changed effective 15 December 1971. Accordingly, we must determine whether the new regulation acted to extend the period the records were to be retained.

To decide this issue, we must first determine the nature of paragraph 3–15*b*. The paragraph is essentially administrative in nature, addressing, as it does, such matters as the type of forms to be used, the number of copies to be made, the distribution of the records in the personnel files, and the withdrawal and destruction of the records.[1] Because the paragraph is administrative in character, there is no reason why an amendment to the regulation may not extend the time that records of nonjudicial punishment may be retained in the 201 File. *Cf. United States v. Tofoya,* 48 C.M.R. 969 (A.C.M.R. 1974).

Viewing the last two records of nonjudicial punishment in this framework, it follows that the new regulation operated to extend the period these records were to be maintained. On the effective date of the change to the regulation, viz., 15 December 1971, the records of nonjudicial punishment were properly in the 201 File under the preexisting regulation. (The appellant had been reassigned, but one year had not elapsed from the date of imposition.) Under the two-year rule of the new regulation, the records would, in the normal course of events have been removed on 3 February 1973 and 6 April 1973 and would not have been in the 201 File on the date of trial, 25–26 June 1975. However, the appellant absented himself without authority on 3 May 1971. Under the current regulation, this factor permitted retention of the records in the appellant's file.[2] Accordingly, the records were properly in the appellant's 201 File at the time of trial.

The fact that the records were properly in the file at the time of trial is not conclusive as to admissibility, as admissibility may depend on other considerations. To determine admissibility in this case we must consider the date of the commission of the offense as well as the date the controlling regulation was changed. This Court has previously held that in determining the admissibility of records of nonjudicial punishment, the current paragraph 3–15*b* should be followed only when an accused is convicted of offenses which were committed after the effective date of the change, viz., 15 December 1971. Otherwise, the regulation would have an impermissible *ex post facto* effect. *United States v. Gowing,* 45 C.M.R. 749 (A.C.M.R. 1972).

In the instant case, the unauthorized absence offense was committed before 15 De-

---

1. Records of nonjudicial punishment are used for many purposes other than determining an appropriate sentence at trials by court-martial. For example, they are considered in making assignments, determining qualifications for promotions and selection for Army schools.

2. In this connection, paragraph 3–15*b* provides: "In computing the two-year period, periods of unauthorized absence as shown by records of nonjudicial punishment under Article 15 or

by records of court-martial conviction shall be excluded. If at the expiration of the two-year period, the individual is in an unauthorized absence status, the records of nonjudicial punishment under Article 15 shall be retained until the individual is returned to military control, a determination is made as to whether discipline action will be taken against him, and the results of such action, if any, are known."

cember 1971, while the bad check offenses were committed after that date. I agree that by analogizing to the rule governing the admissibility of previous convictions, the records of nonjudicial punishment imposed on 3 February 1971 and 6 April 1971 were admissible and that the military judge erred in ruling to the contrary. *See United States v. Geib,* 9 U.S.C.M.A. 392, 26 C.M.R. 172 (1958). This issue was never addressed in *United States v. Carter,* 42 C.M.R. 898 (A.C.M.R. 1970); so that case does not stand for a contrary position.

The next determination is whether the staff judge advocate properly referred to the three records of nonjudicial punishment in his review. As to the first nonjudicial punishment, the record of which should have been removed from the appellant's file, the staff judge advocate incorrectly brought this to the attention of the convening authority. *United States v. Turner,* 21 U.S.C.M.A. 356, 45 C.M.R. 130 (1972). As to the other two records of nonjudicial punishment, the staff judge advocate properly considered them, notwithstanding the ruling of the military judge. Although the rulings of a military judge generally become the law of the case, binding on appellate authorities,[3] that rule is not applicable to the present situation. The convening authority, in determining an appropriate sentence, is permitted to consider matters outside the record, with certain limitations not here pertinent. Paragraph 85*b*, Manual for Courts-Martial, United States, 1969 (Revised edition). As the records of nonjudicial punishment in question were properly in the appellant's file, the convening authority could legally refer to them in determining the sentence to be approved.

I agree that the appellant was not prejudiced by the erroneous consideration of the first record of nonjudicial punishment and therefore concur in the result reached in this case.

---

**3.** *See United States v. Strand,* 6 U.S.C.M.A. 297, 20 C.M.R. 13 (1955); *United States v. Richardson,* 2 M.J. 436 (A.C.M.R.1975).