**William Rodney MARTIN, Jr., Plaintiff,**

v.

**SECRETARY OF the ARMY, Defendant.**

**Civ. A. No. 77–814.**

United States District Court,
District of Columbia.

Nov. 23, 1977.

Susan M. Duchek, David F. Addelstone, Sarah G. Flanagan, Barton F. Stichman, Washington, D. C., for plaintiff.

William H. Briggs, Jr., Asst. U. S. Atty., Washington, D. C., for defendant.

MEMORANDUM OPINION AND ORDER

GESELL, District Judge.

On January 17, 1972, plaintiff was prematurely discharged from the United States Army by reason of unsuitability and issued a general discharge certificate. His normal date of separation would have been April 8, 1973. Plaintiff's application for a recharacterization of his discharge to honorable was denied after a hearing by the Army Discharge Review Board (Review Board). When a similar application was declined review by the Army Board for the Correction of Military Records (ABCMR), plaintiff filed this lawsuit. He seeks not only recharacterization, but also back pay[1] with accompanying benefits and expunction of any reference in his records to his general discharge or his "unsuitability." The case was fully briefed and argued on cross-motions for summary judgment and is now ready for decision.

I.

A brief chronology of events leading up to plaintiff's discharge is necessary to frame the issues in the case. Plaintiff enlisted on April 9, 1970, completed basic training with "excellent" conduct and efficiency ratings, and reported to Fort Gordon, Georgia, in June of that year. While stationed at Fort Gordon, plaintiff received two nonjudicial punishments pursuant to

Article 15 of the Uniform Code of Military Justice, 10 U.S.C. § 815 (1970): the first on December 8, 1970, for failure to report to duty; another on January 21, 1971, for failure to obey an order to get a haircut and for a uniform violation. Plaintiff's conduct rating for this time period was "unsatisfactory," and his efficiency rating was "excellent." In March 1971 plaintiff was transferred to Vietnam, where he remained until his discharge on January 17, 1972. His record during that period was not a happy one. He received two more nonjudicial punishments: one on June 28, 1971, for failure to report to duty and another on September 24, 1971, for a uniform violation and for use of provoking words. In addition, plaintiff was convicted by a summary court martial on September 1, 1971, for failure to report to duty and to obey an order to get a haircut.

On October 4, 1971, plaintiff received notification that, pursuant to Army Reg. 635-212 (1966 & 1967 Amend.), discharge proceedings had been initiated against him for "unfitness." A hearing before an Administrative Discharge Board (Discharge Board) was held on December 20, at which plaintiff was represented by qualified counsel. The Discharge Board made three conclusory findings in support of plaintiff's separation for "unsuitability."[2] Although Army regulations permit an individual separated for unsuitability (or unfitness) to receive an honorable discharge, id. ¶ 4, the Discharge Board recommended, without stating its reasons, that plaintiff be given a general discharge certificate. The recommendation was approved by the military convening authority and affirmed without findings by the Review Board. The ABCMR declined review.

1. Presumably to assure the jurisdiction of the Court under 28 U.S.C. § 1346(a) (1970), plaintiff limited his back pay claim to $9,999.99.

2. The findings are set out below:
Private Martin is undesirable for further retention in the military service because of habits and traits of character manifested by repeated commission of petty offenses.

Private Martin is undesirable because of Apathy or the lack of appropriate interest, defective attitudes, and inability to expend effort constructively.

His rehabilitation is not deemed probable. The findings largely parrot the language of Army Regulation 635-212.

On this appeal plaintiff presents two legal contentions. He claims, first, that his January 1971 discharge was improper because his discharge hearing was fatally infected with prejudicial error. Alternatively, even if the discharge was proper, he claims entitlement to an honorable rather than a general discharge. Both of these contentions were denied below.[3] Because of the failure of the Review Board to accompany its affirmance with findings of fact, the Court can neither accept nor reject plaintiff's claims. The case must therefore be remanded with instructions, as the following discussion demonstrates.

## II.

■ The record of plaintiff's discharge proceeding is one permeated with procedural error. First, in violation of Army Reg. 27–10 ¶ 3–15(d) (1968), a record of plaintiff's first nonjudicial punishment was introduced at the hearing. Both *United States v. Cohan*, 20 U.S.C.M.A. 469, 43 C.M.R. 309 (1970) and *United States v. Turner*, 21 U.S.C.M.A. 356, 45 C.M.R. 130 (1972), have interpreted Regulation 27–10 as forbidding mention of an individual's nonjudicial punishment in a proceeding against him whenever he has been subsequently transferred and (a) one year has elapsed, (b) punishment has been executed, and (c) any appeal of the punishment has been fully resolved. The Army, of course, is bound by this interpretation. *Owings v. Secretary of United States Air Force*, 298 F.Supp. 849, 855 (D.D.C.1969), *rev'd on other grounds*, 145 U.S.App.D.C. 76, 447 F.2d 1245 (1971).

■ The second error, recognized after the hearing by the Discharge Board itself, was the admission of the live testimony of adverse witnesses after plaintiff had been formally advised that no such witnesses would be called. Paragraph 17(c) of Army Reg. 635–212 (1966) requires that an individual subject to discharge proceedings "be notified of the names and addresses of witnesses expected to be called at the board hearing." About two weeks prior to the hearing plaintiff was notified in writing by the recorder of the Discharge Board that "no witnesses are expected to be called." Yet with no intervening warning, both plaintiff's present and former commanding officers testified against him at the hearing. There were no other live adverse witnesses.

■ Another error concerned the admission into evidence of unsworn written statements of three adverse absent witnesses. Army Regulation 15–6, 32 C.F.R. §§ 519.-2(e)(2) (1976), mandates that the "[p]ersonal appearance of a witness should always be obtained whenever possible in preference to use of his deposition, affidavit, or written statements" and that "[i]f evidence is secured by affidavits or written statements . . . the individual concerned should be given reasonable notice thereof and afforded an opportunity to meet adverse allegations." Of similar effect is *id.* § 519.-2(a)(1). Plaintiff was given no notice that the three statements would be used. In addition, no showing of unavailability was made at the time the statements were introduced.[4]

---

**3.** The issues were not framed so clearly below. Plaintiff's appeal to the Review Board did not include the prayer for back pay advanced here, presumably since that Board has no power to revoke a discharge, but requested only that his discharge be recharacterized as honorable. It is the back pay request that raises squarely the question of the validity of the plaintiff's discharge itself and not simply the type of discharge received. The record shows, however, that all allegations of legal error propounded here were also considered below. In denying recharacterization, the Review Board must also by implication have affirmed the validity of the discharge itself. Defendant has not raised any

claim of preclusion or failure to exhaust administrative remedies, and in any event the Court's disposition on the merits obviates the need for resolution of such questions.

**4.** Plaintiff assigns one additional error, which the Court finds not to have been prejudical. Paragraph 7 of Army Regulation 635–212 requires a commander to effect a rehabilitative transfer before acting to discharge an individual for unfitness or unsuitability. The requirement can be waived, however, in cases of unfitness, when the general court-martial convening authority "determines that further duty of the individual will, in his best judgment, create

■ It is established beyond peradventure that the military, like any other agency, is bound by its own regulations. *See, e. g., VanderMolen v. Stetson,* 571 F.2d 617, 624 (D.C. Cir. 1977); *Bray v. United States,* 515 F.2d 1383, 1395, 207 Ct.Cl. 60 (1975); *cf. Vitarelli v. Seaton,* 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959); *Service v. Dulles,* 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957). In the ordinary course of review, however, a reviewing court should not concern itself *directly* with the errors of the Discharge Board, but rather through the eyes—that is, the findings and decisions—of the Army appellate tribunals. *See Van Bourg v. Nitze,* 128 U.S.App.D.C. 301, 307, 310, 388 F.2d 557, 563, 566 (1967); *Amato v. Chafee,* 337 F.Supp. 1214, 1216–17 (D.D.C.1972). In the present case, however, neither the Review Board nor the ABCMR entered any findings. This omission is permitted the ABCMR when, as here, it simply declines review. 32 C.F.R. § 581.3(c)(5)(iii) (1976). But findings are expressly required of the Review Board, *id.* § 581.2(g)(1), and with good reason. As the United States Court of Appeals for the District of Columbia Circuit explained in a closely analogous case, "the failure of the Review Board to make findings, as required by regulation, leaves us in the dark as to the basis for its conclusion." *Van Bourg v. Nitze,* 128 U.S. App.D.C. 301, 309, 388 F.2d 557, 565 (1967).

■ The Review Board in this case might have affirmed the grant of a premature and general discharge for any of a number of distinct reasons. For example, it may have misperceived the facts and/or the governing law. It may have determined that

no errors were committed below and that the record adequately justified the outcome. Or it might have recognized procedural errors, but determined that plaintiff had waived his rights by failure to object during the hearing. Alternatively, the Review Board may have acknowledged the errors, but held them to have been harmless because sufficient untainted evidence existed to warrant affirmance. Each of these possible reasons for affirmance would require a different analysis, and perhaps conclusion, upon review. Yet the Court is not free to choose among them as to the real basis of the Review Board's affirmance. *NLRB v. Metropolitan Life Ins. Co.,* 380 U.S. 438, 444, 85 S.Ct. 1061, 13 L.Ed.2d 951 (1965). Without explication, review for arbitrariness and capriciousness or substantial evidence is meaningless.[5]

The Review Board's failure to make findings is particularly egregious with respect to plaintiff's receipt of a general rather than an honorable discharge certificate. Defense Department regulations permit an individual separated by reason of unsuitability to receive either. 32 C.F.R. § 41.7(g) (1976). The difference between the two is of substantial consequence, for although Army regulations characterize a general discharge as a separation "under honorable conditions," Army Reg. 635–200 ¶ 1–9(d)(1) (1967), it has long been recognized, and the allegations of the complaint confirm, that anything less than an honorable discharge stigmatizes the recipient and is thus punitive in nature. *Bland v. Connally,* 110 U.S. App.D.C. 375, 376 n. 1, 293 F.2d 852, 853 n. 1 (1961).

serious disciplinary problems or a hazard to the military mission or to the individual." Army Reg. 635–212 ¶ 7c(2) (1966 & 1967 Amend.). As noted above, plaintiff was originally charged with unfitness. The convening authority waived plaintiff's rehabilitative transfer without offering any explanation or affirmative findings as to the reason therefor. Plaintiff contends, without support of legal authority, that this omission constituted prejudicial error. The Court does not agree. The waiver was granted pursuant to a recommendation by plaintiff's commanding officer in which the latter detailed his reasons for requesting a waiver. Among these, the commander noted that plain-

tiff had already been transferred to several different positions in Vietnam in an unsuccessful attempt to find a position to which he could adjust suitably. It is obvious that the convening authority simply adopted the reasons propounded by the commander and that these reasons amply justified a waiver. Any error that occurred was one of form alone.

5. Plaintiff's argument is not addressed to the Review Board's failure to enter findings. However, "[i]n a case of this kind, the fact that [plaintiff] makes no point regarding the matter is not controlling." *Olenick v. Brucker,* 107 U.S.App.D.C. 5, 6, 273 F.2d 819, 820 (1959).

Counsel for defendant candidly admitted at oral argument that plaintiff's record was not so bad so as to preclude his receipt of an honorable discharge under the regulation, and the regulation itself states that "doubt as to whether an honorable or general discharge should be furnished . . . should be resolved in favor of the individual." Army Reg. 635–200 ¶ 1–9(d)(3) (1967). Yet the Discharge Board, giving no reasons, recommended a general discharge. Indeed, there is some indication that an honorable discharge was never considered.[6] In this posture, the Review Board's failure to explicate its reasons is inexcusable.

### III.

 Contrary to plaintiff's contention, the appropriate response to this litany of error is not recharacterization, an award of back pay, or indeed any decision as to the merits of his substantive claim. The regulatory standards for determining when separation is justified and what type of discharge is warranted are broad and undoubtedly informed by military practices and interpretations of which the Court is unfamiliar. Resolution of plaintiff's substantive claims, involving as they do matters of personnel management is, in the first instance, for the military. *See generally Knehans v. Alexander*, 566 F.2d 312, at 314 (D.C. Cir. 1977); *Robinson v. Resor*, 152 U.S.App.D.C. 204, 212 n. 22, 469 F.2d 944, 952 n. 22 (1972); *Carter v. United States*, No. 360–75, slip op.

at 5 (Ct.Cl. Mar. 4, 1977). Precedent dictates that the case be remanded to the Secretary of the Army for the entry of findings upon which the Court can base its review. *Van Bourg v. Nitze*, 128 U.S.App. D.C. 301, 388 F.2d 557 (1967); *Olenick v. Brucker*, 107 U.S.App.D.C. 5, 6, 273 F.2d 819, 820 (1959); see *NLRB v. Metropolitan Life Ins. Co.*, 380 U.S. 438, 85 S.Ct. 1061, 13 L.Ed.2d 951 (1965).[7]

 Certain questions of military procedure however, need not await remand for decision. Unlike personnel matters, their resolution rests not so much upon military discretion and expertise as upon narrowly worded regulations and abundant case-law precedent. These matters have been fully briefed and argued, and the entire record is before the Court. It is entirely proper for the Court to narrow the scope of inquiry upon remand by ruling on these questions at the present time. *See, e. g., Vander-Molen v. Stetson*, 571 F.2d 617, 626 (D.C. Cir. 1977). Indeed one question—that of waiver—was first raised by defendant in this Court.

 Upon remand the Secretary, acting through the appropriate officials or entities, is precluded from finding that the Discharge Board committed no procedural errors. The errors documented above are too plain for dispute. By the same token,

---

**6.** The only mention in the record of anything other than a general discharge is a letter to plaintiff from his commanding officer, notifying him of the pending proceedings and mentioning that he would be considered only for a "general or undesirable" discharge.

**7.** In *Van Bourg* remand was made directly to the Review Board. Plaintiff in the present case, however, unlike the plaintiff in *Van Bourg*, challenges the validity of his separation as well as the character of his discharge. Since the Review Board has no power to revoke a discharge, 32 C.F.R. § 581.2(a) (1976), it alone cannot effect complete relief in this case.

*Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), in which a failure to enter formal findings of fact was held not to warrant a remand to the agency is not to the contrary. In that case intervening events and the need for

swift resolution counseled against a time-consuming administrative remand. The regulation requiring findings was not in existence at the time of the administrative decision. And finally there was no uncertainty as to whether the question at issue was addressed by the agency: indeed it was the focus of the administrative proceedings. Even though it stopped short of requiring formal findings, the Supreme Court noted that

since the bare record may not disclose the factors that were considered or the Secretary's construction of the evidence it may be necessary for the District Court to require some explanation in order to determine if the Secretary acted within the scope of his authority and if the Secretary's action was justifiable under the applicable standard.

*Id.* at 420, 91 S.Ct. at 825.

the Secretary cannot simply ignore these errors and use the tainted evidence as a basis for decision. It is true that courts have occasionally afforded military tribunals the luxury of overlooking certain procedural irregularities at hearings. *See, e. g., Knehans v. Alexander,* 566 F.2d 312 (D.C. Cir. 1977). But such a practice cannot be indulged where "the whole fabric of the discharge proceeding is imprinted with arbitrary and capricious incidents." *Cole v. United States,* 171 Ct.Cl. 178, 187 (1965). *Accord, Cason v. United States,* 471 F.2d 1225, 1232, 200 Ct.Cl. 424 (1973); *cf. Vitarelli v. Seaton,* 359 U.S. 535, 540, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959). In the present case all of the adverse testimony, both live and written, was admitted in violation of Army regulations. Unless plaintiff can be said to have waived all objection to its admission, the Review Board cannot use it as a basis for decision.

■ Defendant has cited no cases in which a waiver has been upheld in a military context. The reason for the dearth of example may be reflected, in part, in the recognition of the United States Court of Military Appeals of the "inexperience" of appointed military counsel and of "the vicissitudes of military practice." *United States v. Palenius,* 25 U.S.C.M.A. 222, 230, 54 C.M.R. 549, 557, 2 M.J. 86, 92 (1977). In any event, recent decisions of that court have consistently refused to apply the waiver doctrine to a failure of counsel to object in military trials, restricting its application to the unlikely circumstance in which a "passive waiver" leaves "insufficient factual development of an issue necessary to resolve a question of law raised on appeal." *United States v. Graves,* 23 U.S.C.M.A. 434, 437, 50 C.M.R. 393, 396, 1 M.J. 50, 53 (1975). *Accord, United States v. Heflin,* 23 U.S.C.M.A. 505, 507, 50 C.M.R. 644, 646, 1 M.J. 131, 133 (1975). In this case, of course, the facts

necessary for resolution of the procedural questions are abundant.

■ The reasons for discounting a failure to object are even more persuasive in the context of an administrative discharge hearing. The Supreme Court has "recognized that [in a discharge hearing] counsel is under practical constraints in the making of objections and in the tactical handling of his case which would not obtain in a cause being tried in a court of law before trained judges." *Vitarelli v. Seaton,* 359 U.S. 535, 540, 79 S.Ct. 968, 973, 3 L.Ed.2d 1012 (1959). The Court is admonished to "indulge every reasonable presumption against waiver," *Aetna Ins. Co. v. Kennedy,* 301 U.S. 389, 393, 57 S.Ct. 809, 812, 81 L.Ed. 1177 (1937), and it finds none here.[8]

On remand, the Secretary, acting through the appropriate officials or entities, must, by March 31, 1978, enter findings as to whether the facts warranted (a) plaintiff's separation and (b) a general rather than an honorable discharge. The Court intimates no view as to either the proper manner of proceeding or the correct resolution of these issues. Defendant's motion for summary judgment is denied, plaintiff's motion for summary judgment is partially granted, and the case is remanded to the Secretary of the Army for further proceedings not inconsistent with this opinion.

SO ORDERED.

---

8. Indeed, even if the failure to object could be said to have amounted to a waiver, the wholesale nature of the procedural violations warrants reversal of the discharge "on the familiar principles of plain error." *Estelle v. Williams,* 425 U.S. 501, 514 n. 2, 96 S.Ct. 1691, 1698, 48 L.Ed.2d 126 (1976).