UNITED STATES

v.

Douglas G. ROLAND, 561 11 6960, Private First Class (E–2), U. S. Marine Corps.

NCM 78 0688.

U. S. Navy Court of Military Review.

Sentence Adjudged 8 Nov. 1977.

Decided 22 Sept. 1978.

LT David S. Durbin, JAGC, USNR, Appellate Defense Counsel.

MAJ D. A. Higley, USMC, Appellate Government Counsel.

Before BAUM, Senior Judge, and GLADIS and GRANGER, JJ.

GLADIS, Judge:

The accused stands convicted, pursuant to his pleas, of four specifications of unauthorized absence and, contrary to his pleas, of wrongful possession of marijuana, willful and wrongful destruction of private property, and larceny, in violation of Articles 86, 92, 109, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 909, 921. The adjudged sentence, consisting of a bad-conduct discharge, confinement at hard labor for 3 months, forfeiture of $265 per month for 3 months, and reduction to pay grade E–1, was approved by the convening and supervisory authorities.

Among other things, appellant contends that the court-martial lacked personal jurisdiction, that his cross-examination by trial counsel exceeded the scope of direct examination, and that the convening authority erred in reciting inadmissible nonjudicial punishments in his action. We reject the first and third contentions, but, finding some merit in the second, shall modify the findings and reassess the sentence.

### Jurisdiction

The accused contends that the court-martial lacked jurisdiction over his person because recruiter misconduct was involved in his enlistment. See United States v. Russo, 23 U.S.C.M.A. 511, 50 C.M.R. 650, 1 M.J. 134 (1975). After the accused admitted that he was suspected by police of an offense, the recruiter ran a juvenile police check which was negative. He did not administer the Wide Range Achievement Test (WRAT) to the accused as required by applicable regulations because the accused had obtained a qualifying score on the Armed Forces Qualification Test (AFQT). In view of the negative results from the police check and the score that the accused obtained on the AFQT, we do not find recruiter misconduct which would void an enlistment. Therefore, the court-martial had jurisdiction over the person of the accused. The failure of the trial judge to state the standard of proof utilized in resolving the issue is not prejudicial error. A judge is presumed to apply the correct standard of law absent evidence to the contrary. See Townsend v. Sain, 372 U.S. 293, 314–315, 83 S.Ct. 745, 757–758, 9 L.Ed.2d 770, 786–787; United States v. Montgomery, 20 U.S.C. M.A. 35, 42 C.M.R. 227 (1970).

### Scope of Cross-examination

The accused argues that he was improperly cross-examined about an offense concerning which he did not testify on direct-examination. We agree. Although the accused did not testify on direct-examination concerning possession of marijuana,

the military judge overruled defense counsel's objection and permitted cross-examination about that offense. If an accused is on trial for two or more offenses, and on direct-examination testifies concerning one or more specific offenses he then may not be cross-examined with respect to another offense or offenses, unless the cross-examination is relevant to that offense about which he testified. *Manual for Courts-Martial, United States, 1969* (Revised edition) paragraph 149 *b* (1); *United States v. Sellars,* 17 U.S.C.M.A. 116, 37 C.M.R. 380 (1967). The testimony of the accused on direct-examination was not relevant to his alleged possession of marijuana. Therefore, the questioning of the accused violated his constitutional right against self-incrimination. Under the circumstances of this case, we are not convinced beyond a reasonable doubt that the accused has not been prejudiced by the error with respect to findings of the Charge of marijuana possession. *See, United States v. Ward,* 23 U.S.C.M.A. 572, 50 C.M.R. 837, 1 M.J. 176 (1975). Consequently, we shall dismiss that Charge.

### Consideration of Inadmissible Nonjudicial Punishment by Convening Authority

■ The accused asserts that the convening authority's action improperly lists prior nonjudicial punishment, the evidence of which was not admitted at trial as it failed to indicate compliance with *United States v. Booker,* 5 M.J. 238 (C.M.A.1977). We disagree. The law is well established that, in determining whether to exercise his power to mitigate the sentence, the convening authority may consider matter from the accused's service record which would not have been admissible for sentencing at trial. *See United States v. Lanford,* 6 U.S.C.M.A. 371, 20 C.M.R. 87 (1955) (nonjudicial punishment). He may consider past misconduct which the accused has been afforded the opportunity to rebut. *United States v. Barrow,* 9 U.S.C.M.A. 343, 26 C.M.R. 123 (1958) (juvenile misconduct). This includes misconduct established with procedures which were valid at the time, but found subsequently to lack due process. *See United States v. Luzzi,* 18 U.S.C.M.A. 221, 39

C.M.R. 221 (1969) (juvenile proceedings). Matter which is inadmissible at trial to support a conviction or aggravate or escalate the sentence may be considered by the convening authority because he is barred from changing the sentence, except to favor the accused. The convening authority has unlimited power to help an accused, but he also has a duty to consider the rights of the Government. *Id.* To intelligently perform his statutory duty to affirm so much of the sentence as he deems appropriate, the convening authority should know his subject well, and if the accused has a record of misconduct that should not be concealed.

■ There are exceptions to the general rule. The convening authority may not consider records of misconduct which should have been destroyed pursuant to applicable regulations. *United States v. Turner,* 21 U.S.C.M.A. 356, 45 C.M.R. 130 (1972). He may not consider void convictions. *United States v. Brown,* 22 U.S.C.M.A. 331, 46 C.M.R. 331 (1973).

■ In this case, we find that the convening authority properly considered a prior nonjudicial punishment which apparently was inadmissible at trial under the standards enunciated in *United States v. Booker, supra.* Nonjudicial punishments imposed before *Booker* was decided, without satisfying the *Booker* procedural requirements, are not invalid or void, but merely inadmissible at trials conducted after the effective date of the *Booker* decision. *Compare United States v. Cannon,* 5 M.J. 198 (C.M.A.1978) *with United States v. Brown, supra. See also United States v. Luzzi, supra.* They may properly be considered by reviewing authorities, although they would not be admissible at trials conducted after the effective date of *Booker.* Therefore, the convening authority in this case did not err in mentioning such a nonjudicial punishment in his action, and presumably considering it in determining whether to mitigate the sentence.

The accused's remaining assignments of error are either devoid of merit or have been rendered moot by our disposition of the case.

Accordingly the findings of guilty of Charge II and its specification are set aside. That Charge is dismissed. The remaining findings of guilty and so much of the sentence as approved on review below as provides for a bad-conduct discharge, confinement at hard labor for 3 months, forfeiture of $240 per month for 3 months, and reduction to pay grade E–1 are affirmed.

Senior Judge BAUM and Judge GRANGER concur.