**UNITED STATES**

v.

**Danny Joe VAUGHT, 251 94 2548, Fireman Recruit (E–1), U. S. Naval Reserve.**

**NCM 79 0080.**

U. S. Navy Court of Military Review.

Sentence Adjudged 8 Aug. 1978.

Decided 25 May 1979.

CAPT Allan H. Meltzer, USMCR, Appellate Defense Counsel.

LCDR Paul B. Thompson, JAGC, USN, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and GREGORY and GLADIS, JJ.

GREGORY, Judge:

Appellant stands convicted of unauthorized absences of 568 days, 21 days, 4 days, 499 days, and 116 days. The sentence approved on review below includes an unsuspended bad-conduct discharge.

Appellant alleges that the convening authority in his action took into consideration adverse matter concerning appellant from outside the record of trial without giving him an opportunity to rebut such matters. *See United States v. McCoskey,* 12 U.S.C. M.A. 621, 31 C.M.R. 207 (1962). He argues that a new convening authority's action is required. We agree.

Despite the extreme length of his unauthorized absences and the fact that he had spent very little time in effective naval service, appellant made a strong plea at trial to be allowed to complete his period of obligated service in an attempt to qualify for an honorable discharge. Following trial, appellant's trial defense counsel submitted a request for clemency to the convening authority and asked that the adjudged bad-conduct discharge be suspended on probation. This request for clemency was favorably endorsed by the trial counsel in appellant's case. In taking his action, the convening authority stated:

> The defense request for clemency of 11 September 1978 was duly considered. After thorough review and *in consideration of the unauthorized absence status which terminated on the trial date, no clemency is warranted.* [Emphasis added].

The record of trial reveals that appellant's trial commenced on 27 July 1978, a continuance was granted after arraignment, and trial reconvened on 8 August 1978. Appellate Government counsel has provided this Court with an entry from appellant's service record which indicates that appellant was in an unauthorized absence status from 31 July 1978 until 8 August 1978.

As noted above, appellant was not afforded an opportunity to rebut or explain the adverse matter considered by the convening

authority in taking his action. The question becomes whether the convening authority was obligated to grant such an opportunity. Paragraph 85*b, Manual for Courts-Martial, United States, 1969* (Revised edition) addresses the subject of the inclusion of adverse matters in a staff judge advocate's post-trial review as follows:

> Matters outside the record may be included in the review to assist the convening authority in determining his action on the sentence. However, if an adverse matter from outside the record is included, the accused must be afforded an opportunity to rebut or explain the matter, unless he supplied the information himself or may be charged with knowledge that the information might be used against him, as when it appears in a record of nonjudicial punishment.

This same rationale applies to the inclusion of adverse matters in the action of the convening authority. *United States v. Clark,* 18 U.S.C.M.A. 458, 40 C.M.R. 170 (1969); *United States v. Owens,* 11 U.S.C.M.A. 240, 29 C.M.R. 56 (1960); *United States v. Vara,* 8 U.S.C.M.A. 651, 25 C.M.R. 155 (1958); *United States v. Griffin,* 8 U.S.C.M.A. 206, 24 C.M.R. 16 (1957).

We believe a clear distinction exists between the evidence of nonjudicial punishment mentioned in the *Manual,* and in *Clark* and *Owens,* and the evidence in this case consisting of a service record entry relative to an unauthorized absence. In the nonjudicial punishment situation, the adverse matter has already been presented to an accused, who has had the opportunity to present his explanation, and a factual determination concerning the matter has been reached. In the case of a bare service record entry as to an unauthorized absence, however, the adverse matter has only reached the status of an allegation for which the accused may well have an explanation which will refute the allegation or justify his absence.

Under the circumstances of this case, we are unable to conclude that the adverse matter relied upon by the convening authority was such that the appellant "may be charged with knowledge that the information might be used against him" or was a matter of record which appellant "could hardly have rebutted." For this reason, we further conclude that the convening authority erred in taking this adverse matter into consideration without affording the accused an opportunity to rebut or explain such matter. The error in this regard has not been cured by trial defense counsel's failure to address the matter in his response to the staff judge advocate's review. *Cf. United States v. D'Aiello,* 5 M.J. 687 (N.C.M.R. 1978). It is necessary that we return the record of trial to the convening authority for a new action after affording appellant an opportunity to respond to the allegation against him.

Accordingly, the actions of the convening and supervisory authorities are set aside. The record is returned to the Judge Advocate General for transmittal to the convening authority for action in accordance with Articles 61, 64, and 65, Uniform Code of Military Justice, 10 U.S.C. §§ 861, 864 and 865.

Senior Judge DUNBAR and Judge GLADIS concur.